E. CLEMENS HORST COMPANY, RESPONDENT, v. PETER BREIDT CITY BREWERY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

1. It is the settled and accepted practice of this court to consider no other grounds of appeal than those argued, because all others may properly be considered as having been abandoned.

2. A sales agent of a corporation as such has no implied authority to modify the terms of a written contract made by the corporation, or to waive a breach of the contract, or to relieve the party to the contract of any of its provisions.

3. A bulletin showing price quotations and nothing more is not competent evidence of market value, without some proof, such as the source from which the information therein was obtained, or whether the quotations of prices were from actual sales or otherwise.

4. A contract for the sale of hops by installments, years 1914 to 1918, the buyer had five days in which to notify the seller of the rejection of any installment; a failure by the buyer to give such a notice, the seller's right to recover the purchase-money became fixed and absolute, at the expiration of the five days.

5. So, when the buyer breached one part of the contract, the seller was entitled to treat the breach by the buyer as abrogating the whole contract; the seller was entitled to recover damages for that part of the contract.
6. Where there is a breach of the contract and upon the failure of proof of an available market, resort may be had to a comparison between the contract price and cost of production or performance, for the purpose of measuring the damages. If the contract price exceeds the cost of production, the excess is the seller's profit, expressed in terms of damages.
7. But interest computed on such damages cannot be recovered because the amount is unliquidated and not capable of ascertainment by mere computation. The one liable does not know what sum is owing; he cannot compute the interest and therefore he is not in default for not paying.
8. A judgment right in all respects, except an item of illegal interest, will be affirmed if the plaintiff will waive the item of interest; otherwise the judgment will be reversed, to the end that a new trial be awarded as to damages alone. *Philbrick* v. *Mundy*, 93 *N. J. L.* 43, approved and followed on this point.

On appeal from the Supreme Court.

For the appellant, *Stamler & Stamler*.

For the respondent, *Lindabury, Depue & Faulks* and *John W. Bishop, Jr.*

The opinion of the court was delivered by

BLACK, J. This is an action for breach of contract tried by the court without a jury. The trial resulted in a finding in favor of the plaintiff and an assessment of damages at $13,641.31. The contract was for the sale and delivery of hops. It was a continuing contract, requiring the delivery of one hundred bales each year of the crops of 1914, 1915, 1916, 1917 and 1918. The contract provided that the hops furnished should be equal to or better than good brewing Pacific-coast hops: that samples should be delivered to the buyer in advance. Upon delivery, the buyer should have five days in which to inspect, and notify the seller, in case of rejection, as not up to the standard provided by the contract.

In the present case, one hundred bales were shipped in 1914. They were received by the buyer at Elizabeth in due

course; no sample, however, had been received at that time. The buyer held the shipment for more than five days, and then assumed that it was entitled to reject for a failure to supply the samples. It sent the shipment back to the seller. The shipment arrived in Elizabeth on October 1st. On December 9th, 1914, it was shipped back to the plaintiff in California. The seller refused to receive the shipment and brought suit for the alleged breach of the contract by the buyer. It also elected to consider the contract terminated by the buyer's breach. It seeks by this suit to recover also the damages sustained for the loss of profits, which would have accrued, if the contract had been performed *in toto.*

Most of the matters of fact involved in the litigation were set out in the pleadings. A motion was made for judgment in favor of the plaintiff on the pleadings. This motion was granted. In this situation, however, apparently, the only thing to be determined was the question of damages, but a considerable amount of testimony was taken covering, not only that matter, but also the question of liability, and the question of breach. The trial judge made a finding covering the whole case. We have considered the case as one which was tried out in all of its issues, and not as one where the question of damages was the only matter to be settled by testimony.

The trial judge's conclusions in form were twenty-one findings and rulings, also attached thereto, denying or approving thirty-seven written requests by the defendant, exceptions thereto, on which the defendant assigned sixty-one grounds for the reversal of the whole judgment entered in the case. These grounds for reversal, however, are argued under eight heads in the defendant's brief. It is the settled and accepted practice of this court to consider no other grounds of appeal than those argued, because the others may properly be considered as having been abandoned. *Marten* v. *Brown,* 81 *N. J. L.* 599.

The first, fourth and sixth grounds may properly be considered together. They will be disposed of hereafter, by a discussion of the fundamental or meritorious question in-

volved in the case. The second and fifth refer to alleged improper admission of evidence as to the limitations of Mr. Phleger's authority and his authority to modify the contract and to waive a breach of it. Mr. Phleger was the sales agent of the plaintiff or seller of the hops. Phleger, after the reception of the hops, visited the defendant's office; he was informed by it the hops were not up to the grade standard; he then agreed to relieve the defendant from liability and to have the hops shipped elsewhere. The trial court disposed of these points on the ground that Mr. Phleger was without authority to alter the terms of the contract. The original contract between the parties fixes their rights. There is nothing in the case to show that Phleger had any power to agree to a modification of the contract, or to relieve the defendant of any of its provisions. *Mauset* v. *Feigenspan,* 68 *N. J. Eq.* 671. In that case this court held that the president of a corporation has no power, *virtute officii,* to alter the provisions of a written agreement entered into by the corporation itself.

The third point is the improper exclusion of the brewers' bulletin showing price quotations of hops. The weight of authority is to the effect that a price current list, published in a newspaper, is not competent evidence of market value without proof as to the source from which the information therein was obtained, or whether the quotations of prices were from actual sales or otherwise. The credit to be given the paper must depend upon some such extrinsic proof; it cannot be determined by the publication itself. *Whelan* v. *Lynch,* 60 *N. Y.* 469. The mere fact of publication is not enough. This publication was properly rejected as a piece of evidence.

The first, fourth and sixth points include the fundamental or meritorious question involved in this case. The trial court rightfully held, as we think, that the defendant was under no obligation to receive the first shipment, because of the fact that no samples had been furnished in advance, in accordance with the contract. The court further held that having failed to avail itself of that right, and having received the ship-

ment, the defendant was bound to keep it and pay for it, unless within five days the defendant notified the plaintiff of its rejection; as the defendant did not do this, the plaintiff's right to recover the purchase-money became fixed and absolute at the expiration of five days. This was not error. Sales of Goods act (*Comp. Stat.*, pp. 4645, 4658, ¶ 48); *Pamph. L.* 1907, p. 329; *McNeal* v. *Braun,* 53 *N. J. L.* 617, 623. The trial court also held the plaintiff was entitled to treat the breach by the defendant as abrogating the whole contract; the plaintiff was entitled to recover damages for that part of the contract, the time for the performance of which had not arrived. This, we think, was not error. *Roehm* v. *Horst,* 178 *U. S.* 1; 84 *Fed. Rep.* 565; 91 *Id.* 345; *Columbia Rolling Mill Co.* v. *Beckett Machine Co.,* 55 *N. J. L.* 391; *affirmed,* 57 *Id.* 714. Section 6 of the contract provides: "The seller may treat all or any part or parts of the entire unfulfilled portion of this contract as violated by the buyer upon or at any time or times after buyer's refusal to pay for any hops."

The other grounds of appeal are the seventh and eighth, error in the rule of damages applied and the improper allowance of interest.

The court ruled the damages recoverable by the plaintiff are the 1914 shipment, less the freight cost, which the defendant paid, amounting to $339.69.................... $2,969.73
Interest from October 1st, 1914, to October 26, 1918 ............................... 724.93

$3,694.66

For 1915-1918 installments; contract price, seventeen and one-half cents per pound, less six and one-quarter cents per pound of production, and cost of transportation one cent per pound ............................... $7,995.00
Interest from October 1st, 1914, to October 28th, 1918 ............................... 1,951.65

$9,946.65

The trial court held, upon failure of proof of an available market, resort must be had to a comparison between the contract price and cost of production. If the contract price exceeds the cost of production, the excess is the seller's profit. This is the rule to be applied, deducting from the contract price the cost of transportation from the Pacific coast to Elizabeth, New Jersey, adopting the principle applied in the case of *Roehm* v. *Horst, supra;* 84 *Fed. Rep.* 565; 91 *Id.* 345.

The difference between the cost of executing the contract and the contract price furnished the means of estimating such damages. *Boyd* v. *Meighan,* 48 *N. J. L.* 404, 407. The measure of damage is the difference between the contract price and the cost of performance.

This, we think, was sound and the rule to be applied to the facts of the case.

But it is urged the court improperly allowed interest on the amount estimated for the loss on the shipments of hops for the years 1915-1918, from October 1st, 1914, to the date of the rendering of the verdict, of $1,951.65. We think this point is well made and the trial court was in error in allowing interest on these shipments; interest is not allowed on an unliquidated damage that is not capable of ascertainment by mere computation, for the reason that the person liable does not know what sum he owes; he cannot compute the interest, and therefore he is not in default for not paying (22 *Cyc.* 1512; 8 *R. C. L., p.* 533, ¶ 85), not on uncertain and unascertained damages. *Speer* v. *Van Orden,* 3 *N. J. L.* 652; *Philbrick* v. *Mundy,* 93 *Id.* 43.

The judgment will not, however, be reversed for this error. If the plaintiff will waive this item of interest, viz., $1,-951.65, the judgment will be affirmed, without cost, on this appeal; otherwise it will be reversed, to the end that a new trial be awarded as to damages alone. *Philbrick* v. *Mundy, supra,* approved and followed on this point; *Young* v. *Society, &c., Church of Verona,* 91 *N. J. L.* 310, distinguished.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ.  12.

*For reversal*—SWAYZE, WHITE, GARDNER, JJ.  3.

*For modification*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ.  12.