## PERCY L. BRANNWORTH, APPELLANT, v. THE BOROUGH OF VERONA, RESPONDENT.

Argued November 26, 1919—Decided March 8, 1920.

The contract provided for the erection of a disposal plant in the borough. The defendant was sued for the balance due, and for extra work and other items arising incidentally out of performance. The trial court on disputed facts directed a verdict for defendant. *Held*, the question of substantial performance of the contract, as well as defendant's liability under the contract for extra work, and the other items involved, was for the jury.

On appeal from the Essex County Circuit Court.

For the appellant, *Church, Harrison & Roche.*

For the respondent, *Ames & Crane.*

The opinion of the court was delivered by

MINTURN, J. At the trial, after refusing a motion to nonsuit, the court directed a verdict against the plaintiff at the close of the case. The suit was based upon a contract in writing, between the parties, which provided for the erection by the plaintiff of a sewage disposal works in the borough.

The work was substantially completed as plaintiff alleges, according to the terms of the contract, but the borough refused to pay an unpaid balance due on the contract; and also refused to recognize a claim for damages arising out of delay by the borough for three months, in acquiring the *locus in quo;* and also refused to pay for the increased cost of performance arising from a mistake in location of the *locus,* as well as the additional cost entailed, caused by an alleged mistake in the elevation of the works; and also for the cost of certain rock excavation not contemplated or provided for

in the contract; and finally for the cost and expense of maintenance of the plant after completion and notice thereof to defendant.

The defendant interposed the defence of failure to complete the work; failure to produce the certificate of the engineer in charge, as required by the contract, as well as failure to produce an order in writing for the alleged extra work, as required by statute, and a general denial of its obligation to recognize the remaining claims.

There was testimony in the case from which a jury might reasonably infer the substantial completion of the contract. As a fact, the plant as plaintiff left it and at the time of the trial, and for almost two years, was in practical operation without any extensive expenditure upon it by the borough, and if any expenditure were necessary to complete it in any contract detail, quite apparently the item involved in the estimation of a jury might not be said to materially diminish the practical efficiency or completion of the plant, and the cost of such detail could easily have been estimated by the jury under the testimony.

Under our cases this situation presented a jury question, as to whether there had been a substantial completion of the work, due allowance being made by the jury for the failure of plaintiff to make good in such details of the contract as were evidenced by proper proof. *Feeney* v. *Bardsley,* 66 *N. J. L.* 239: *Dyer* v. *Lintz,* 76 *Id.* 204; *Jersey City* v. *Flynn,* 71 *N. J. Eq.* 104; *Anderson* v. *Odd Fellows Assn.,* 84 *N. J. L.* 176.

The same rule is applicable to the plaintiff's failure to produce the engineer's certificate, if the latter unreasonably persisted in refusing it. By repeated adjudications of this court, the rule applicable to such a situation is now familiar law, that the jury are the judges of the right of the plaintiff to receive the certificate, in view of the alleged mental attitude of the architect in fraudulently withholding it. *Byrne* v. *Sisters, &c.,* 45 *N. J. L.* 213; *Chisin* v. *Schipper,* 51 *Id.* 1; *Landstra* v. *Bunn,* 81 *Id.* 680.

The same rule is applicable to the claims for extra work, and the delay of plaintiff in executing the work, due as alleged to defendant's procrastination, and also to the item of rock excavation. The testimony upon these subjects presenting the circumstances under which the items of extra work and rock excavation were performed, manifestly presented a jury question, in a situation not substantially unlike that presented and determined at the present term of this court in *Ippolito* v. *Borough of Ridgefield, ante p.* 97, in which we were called upon to deal with the provisions of chapter 342 of the laws of 1912, as a limitation upon the right of the municipality to enter into collateral undertakings arising *ex necessitate* from a *bona fide* endeavor to execute the work, under a written contract, without fault upon the part of the contractor, and where the necessity for the work was due to the action or inaction of the municipality, and was not due to the conduct of the contractor as its superinducing cause, but rather to unforeseen and unanticipated causes.

We there held that the necessity for the performance of the collateral work, and the *bona fide* conduct of the contractor in its execution, were questions for the jury. To the same effect also are *Norcross* v. *Wills,* 198 *N. Y.* 336; 13 *Cyc.* 160, and cases cited.

We think that the issues in the case were therefore entirely of fact, and presented a jury question. The judgment appealed from will therefore be reversed and a venire *de novo* will issue.

*For affirmance*—PARKER, BLACK, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.