42 N.J. Super. 332 (1956)
126 A.2d 372
JARDINE ESTATES, INC., ETC., PLAINTIFF-APPELLANT,
v.
DONNA BROOK CORP., ETC., DEFENDANT-RESPONDENT, AND JAMES R. PRISCO, DEFENDANT. DONNA BROOK CORP., ETC., PLAINTIFF-RESPONDENT,
v.
JARDINE ESTATES, INC., ETC., DEFENDANT-APPELLANT, AND FRANKLIN WASHINGTON TRUST COMPANY, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1956.
Decided November 2, 1956.
*335 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Nathan Reibel argued the cause for the plaintiff-appellant Jardine Estates, Inc.
Mr. Jack L. Cohen argued the cause for the defendant-respondent Donna Brook Corp.
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal by the plaintiff, hereinafter referred to as "Jardine," from a judgment in favor of the defendant, referred to as "Donna Brook," entered on a jury verdict after the third trial of the cause. Two actions were consolidated. The first was brought by Jardine, an owner of land, against Donna Brook as builder, and James R. Prisco, its president, individually, to recover damages for failure to complete work under a building contract and for defective work performed. The second suit was instituted by Donna Brook against Jardine to recover *336 the unpaid balance alleged to be due under the contract, for extra work, and for work and materials on adjoining property. By counterclaim, Jardine incorporated the allegations of its complaint in the first action.
A written contract was entered into on January 5, 1953 for the erection on or before May 1, 1953 of a one-family dwelling house, in accordance with plans and specifications, for the amount of $19,500 to be paid in scheduled payments. Three payments were made, but about the time the fourth payment was to become due, a dispute arose. Jardine contended that the required work had not been performed, and paid only such portion of the payment as it thought Donna Brook had earned. Donna Brook claimed that it was entitled to the full amount of the fourth payment, and filed a notice of intention. Mr. Samurine, president of Jardine, testified that he told Prisco to discharge the notice of intention because it was obstructing his mortgage transactions, or not to proceed under the contract. There was also testimony that after May 1st when Donna Brook's men came to clean up, they were chased from the job. Jardine had paid $11,900, leaving a contract price balance of $7,600. The countersuits were then instituted. Expert, but conflicting, testimony was offered by the parties as to the respective items of damages. The court directed the jury to return special verdicts. Two were rendered in favor of Jardine  one for $1,516.55 for unfinished work and the other for $4,558 for defective work, totalling $6,074.55. The jury awarded Donna Brook $10,726.38 without breakdown; but it obviously comprised the balance of the contract price, extras and work on adjoining premises. Thus, the verdicts resulted in a net award of $4,651.83 in favor of Donna Brook. Jardine's motion for a new trial was denied and, upon application, the trial court added interest of $480 to the judgment for Donna Brook, making a total net judgment of $5,131.83, from which Jardine appeals.
Jardine had sought a personal judgment against James R. Prisco, Donna Brook's president, on the theory that he, and not the corporation, was the contracting party. The question *337 of his liability was charged by the court and submitted to the jury. However, according to the record, no express finding was made on the issue. He was impliedly exonerated, for the verdict was rendered and judgment entered only against Donna Brook. Moreover, the judgment which was entered in favor of Donna Brook for the net balance due it, was consented to as to form by Jardine without any apparent objection on this ground. In any event, the point is academic in view of our determination of this appeal on the merits.
Several other points were argued by the appellant, only one of which the respondent answered in its brief, namely, that Donna Brook failed to substantially complete the building. The appellant also argues that the court erred in the following respects: in the admission of parol evidence, in failing to declare a mistrial, and in adding interest to the verdict.
A building contractor is not entitled to recover unless he has substantially complied with the contract, but if he has, he is entitled to recover the contract price, less a fair allowance to the owner for minor defects or omissions. Bozarth v. Dudley, 44 N.J.L. 304, 310 (Sup. Ct. 1882); Feeney v. Bardsley, 66 N.J.L. 239 (E. & A. 1901); Van Dusen Aircraft Supplies, Inc., v. Terminal Const. Corp., 3 N.J. 321 (1949); R. Krevolin & Co., Inc., v. Brown, 20 N.J. Super. 85, 90 (App. Div. 1952); Winfield Mutual Housing Corp. v. Middlesex, etc., Corp., 39 N.J. Super. 92, 97 (App. Div. 1956).
Substantial performance is compliance in good faith with all important particulars of the contract. 17 C.J.S., Contracts, § 509, p. 1087. "* * * there is substantial performance of such a contract where all the essentials necessary to the full accomplishment of the purposes for which the thing contracted for has been constructed are performed with such an approximation to complete performance that the owner obtains substantially what is called for by the contract." 9 Am. Jur., Building and Construction Contracts, § 42, p. 31. A builder's default should not be willful, nor the defects so serious as to deprive the property of its value *338 for the intended use, nor so pervade the whole work that a deduction in damages will not be fair compensation. 3 Williston on Contracts (rev. ed.), § 805, p. 2256 et seq.
Where there is conflicting testimony as to whether or not the contractor has substantially performed the contract, the issue is to be determined by the trier of the facts. Here, the questions pertaining to the extent of performance, abandonment, the uncompleted work and the defective work were disputed issues of fact, and, therefore, were properly submitted to the jury. Brannworth v. Borough of Verona, 94 N.J.L. 194 (E. & A. 1920). The verdict of the jury under the charge of the court determined that Donna Brook did not abandon the contract, but substantially performed, within time; and by its verdict for Jardine made an allowance for the defects and omissions. Support for these awards can be found in the testimony and we see no reason to disturb them.
Appellant stresses that since there was a verdict in its favor for incomplete and defective work in a sum equal to 31% of the contract price, it is conclusive that there was not substantial performance. We do not agree. The matter is not to be determined on a percentage basis, for the cost of remedying defects may sometimes even exceed the outlay for original construction.
Appellant further argues that the trial court erred in permitting Prisco to testify to a discussion with Jardine regarding the presence of rock in the footing area, which he was not equipped to excavate, and that Jardine agreed that the footings in that area need not be the three feet below finished grade provided for by the contract. It is urged that the court fell into error because the admission of such parol evidence was in contradiction of the written contract. When the question was asked, the objection made was that it was "leading," and not that the evidence would be inadmissible for violation of the parol evidence rule. Accordingly, the latter ground may not be raised for the first time on appeal. Moreover, we are of the opinion that the proofs were properly admitted as evidence of surrounding circumstances reflecting *339 the meaning the parties actually intended by the use of the phrase "below finished grade," which in view of the sloping topography of the ground was ambiguous. Casriel v. King, 2 N.J. 45 (1949).
Now with respect to appellant's motion for a mistrial: After 12 of the 14 members of the jury had retired to consider their verdict, the officer attending the jury, with the permission of the court but in the absence and without the knowledge of the appellant's attorney, twice entered the jury room  first, to retrieve the hats and coats of the two extra jurors who had been excused, and then to get a wallet which had fallen out of a coat. Appellant moved for a mistrial. The court then took the officer's sworn testimony that he had had no conversation with any of the jurors except with respect to the wearing apparel. Appellant contended that the entries into the jury room were improper, and that although he did not intend to imply that there had been improper communication with the jurors, nevertheless "This should not have occurred because of the sanctity with which the retirement of the jury is to be treated."
In State v. Doty, 32 N.J.L. 403 (Sup. Ct. 1868), the facts were not analogous, but the principle of law is pertinent. Chief Justice Beasley declared at page 406:
"The law strictly forbids all intercourse, of every description, upon the subject of the cause on trial, between the jurors and all other persons. To effect this end, the court commits them in charge of one of its sworn officers. The consequence must be, therefore, that any attempt to invade this seclusion is illegal, and a palpable violation of judicial authority. * * * The legal inhibition is against all intercourse with the jury during their consultation, and it is manifest any sequestration short of this would be entirely illusory, for it is certain if the door were thrown open, that no mode could be devised so that only proper intelligence would be permitted to pass."
In J.B. Wolfe, Inc., v. Salkind, 3 N.J. 312, 317 (1949), Chief Justice Vanderbilt admonished that from the time the jury has retired to consider its verdict, it should not be disturbed until it is ready to render its verdict, except for impelling reasons to prevent a miscarriage of justice. See also State v. Simon, 101 N.J.L. 11 (Sup. 1926); Leonard's *340 of Plainfield, Inc., v. Dybas, 130 N.J.L. 135 (Sup. Ct. 1943); 78 N.J.L.J. 376 (Nov. 3, 1955), "Privacy and Jury Deliberations."
A motion to set aside a verdict for alleged interference with jurors is addressed to the sound legal discretion of the court and in the absence of a showing of prejudice should not be granted. "The test is capacity of the irregular matter to influence, not whether influence in fact resulted." Palestroni v. Jacobs, 10 N.J. Super. 266 (App. Div. 1950).
"If the record showed affirmatively the defendant had been prejudiced by the improper communication there would be reversible error. Likewise if the record failed to show whether or not the communication was prejudicial it would be presumed to be so, and be cause for a reversal. `On the other hand if the record shows affirmatively that the communication had no tendency to influence the verdict the judge's impropriety * * * does not require a reversal.'" State v. Auld, 2 N.J. 426, 432 (1949).
Falzarano v. Delaware, L. & W.R. Co., 119 N.J.L. 76 (E. & A. 1937); Guzzi v. Jersey Central Power & Light Co., 36 N.J. Super. 255, 264 (App. Div. 1955).
Here, it affirmatively appears that there was no prejudicial communication by the officer with the jury, nor could it have had any tendency to influence the verdict. Therefore, although we deplore any interference with the jury in its deliberation, we conclude that the denial of the motion for a mistrial was not erroneous.
The final point raised is the addition of interest on the award in favor of Donna Brook. When allowed, interest is, in contemplation of law, damages for the illegal detention of a legitimate claim or indebtedness. Fidelity Mut. Life Ins. Co. v. Wilkes-Barre, etc., Co., 98 N.J.L. 507 (E. & A. 1923). Where the claim under an agreement is certain and liquidated, but is reduced because of the allowance of an unliquidated set-off or counterclaim, interest may be allowed on the balance found to be due. However, the tendency of the courts has been to break away from hard and fast rules and to charge and allow interest in accordance with principles of equity in order to accomplish justice in *341 each particular case. Agnew Co. v. Board of Education of City of Paterson, 83 N.J. Eq. 49 (Ch. 1914), affirmed 83 N.J. Eq. 336 (E. & A. 1914); Brown v. Home Development Co., 129 N.J. Eq. 172 (Ch. 1941); Hoelzel v. Gavalas, 25 N.J. Misc. 191 (Sup. Ct. 1947); Dial Press, Inc., v. Phillips, 23 N.J. Super. 543 (App. Div. 1952), certification denied 12 N.J. 248 (1953).
But interest should not be allowed where the damages are unliquidated and not capable of ascertainment by mere computation, or where a serious and substantial controversy exists as to the amount due under a contract. Horst Co. v. Peter Breidt City Brewery, 94 N.J.L. 230 (E. & A. 1920); Rabinowitz v. Massachusetts Bonding & Insurance Co., 119 N.J.L. 552 (E. & A. 1938); Burton v. Asbestos, Ltd., 92 F. Supp. 310 (D.C.N.J. 1950). In the instant case we think interest should not have been added to the verdict. The issue of performance was justifiably and seriously in dispute. The amount due to the defendant could not have been readily ascertained as indicated by the jury's separate verdicts which purport to be in full satisfaction of the claims of the respective parties.
Accordingly, the judgment should be reduced by the disallowance of interest in the amount of $480, and, as so modified, will be affirmed, but without costs to either party as against the other.