**PHOENIX INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Guy B. IACONA, doing business as Arrow Iron Works, et al., (94) Security Mutual Insurance Company of New York, Defendants.**

Civ. A. No. 683–60.

United States District Court
D. New Jersey.
April 20, 1961.

Aristo Dallavalle, Newark, N. J., for plaintiff. Myron Engelman, Henry H. Abrams, New York City, of counsel.

John J. Corcoran, Jr., Jersey City, N. J., for defendant-claimant Ralph Grasso.

HARTSHORNE, District Judge.

This is an interpleader action, started in November, 1959, in which the bond-holder (Phoenix) has deposited with the Clerk of the Court a bond in the amount of the performance bond ($340,000) in which Phoenix was surety and Urban Residential No. 1 and County Trust Company were the obligees. Colonial Construction Company, Inc. was to perform under a construction contract and, if Colonial were to default under the contract, Phoenix, as surety on the performance bond, would be liable. Colonial did default, thus necessitating the interpleader action by Phoenix so that the various claimants could litigate their claims and have the Court rule as to what each claimant was entitled to from the $340,-000.

The action was originally brought in the Eastern District of New York, but was transferred to this District, since the bankruptcy proceedings involving Colonial and Urban Residential were before this Court.

Phoenix, being the disinterested stake-holder, seeks its counsel fees and costs and then asks that it be discharged, leaving the claimants to carry on the litigation. Defendants agree that plaintiff is entitled to counsel fees and costs. One of the claimants has moved for an order requiring Phoenix to pay interest on the $340,000 bond from the date of the institution of the interpleader action until the day of deposit of the actual cash into the registry of the Court, presumably on the theory that Phoenix is utilizing those moneys to earn income for itself. Subsequent to this demand for interest Phoenix deposited the actual cash with the Clerk of the Court. Thus the demand for interest is narrowed to the period of time between the institution of the action and the deposit of the cash.

There is no issue in this case of a stakeholder being negligent or delaying in any way in bringing the necessary interpleader action to dispose of the claims. Phoenix here moved promptly to institute the interpleader action. Furthermore, there is no question but that the remedy chosen by Phoenix, i. e., the Federal Interpleader Statute, 28 U.S.C.A. § 1335, was the appropriate method of proceeding. There are many conflicting claims to this $340,000 fund. The issue before the Court thus resolves itself into the narrow question of whether a disinterested stakeholder must pay interest on a fund after it has complied with the interpleader statute by depositing a bond in the amount of the fund rather than the actual cash.

The law is sparse on this question. Judge Knox, in New York Life Insurance Co. v. Cooper, D.C.S.D.N.Y.1944, 76 F.Supp. 976, ruled that interest need not be paid. In Great Lakes Transit Corp. v. Marceau, 2 Cir., 1946, 154 F.2d 623, the Court of Appeals required that interest be paid in a similar situation. They cited no authority for this conclusion. Subsequent to the Marceau case, the Second Circuit ruled in Aetna Casualty & Surety Co. v. B. B. B. Construction Corp., 1949, 173 F.2d 307, certiorari denied 337 U.S. 917, 69 S.Ct. 1158, 93 L.Ed. 1726, that interest need not be paid where the stakeholder had complied with the requirements of the Federal Interpleader Statute by posting a bond in lieu of cash. The interest question was the central issue in the Aetna case, whereas in Marceau it was subordinate to other aspects of the case. The later expression of the Second Circuit in Aetna would seem to be the present position on this issue, at least in that Circuit.

Whether the law of New Jersey or Federal law is applied on the question of whether interest is due in the instant case is immaterial, since the result reached herein does not appear to conflict with either. Furthermore, New Jersey courts

have never spoken on the exact situation here involved. New Jersey has on occasion spoken in general terms as to when interest is due. In Jardine Estates, Inc., v. Donna Brook Corp., 1956, 42 N.J. Super. 332, 126 A.2d 372 the Court indicated that interest was due where there has been illegal detention of a legitimate claim. In Consolidated Police and Firemen's Pension Fund Commission v. City of Passaic, 1957, 23 N.J. 645, 130 A.2d 377 the New Jersey Supreme Court similarly set forth the position that interest was due only if contracted for or for the illegal detention of a debt. Furthermore, the question of awarding interest by a court is an equitable one and the court should act in the interest of justice in reaching a decision thereon. See *Jardine*, supra.

Thus this Court, in considering the case before it, comes to the conclusion that no interest is due from Phoenix during the period in question. This conclusion of the Court is based not only on the law as set forth in *Aetna*, supra, but for two equitable reasons. In the first place, plaintiff, by depositing a bond at the institution of the current action, complied completely with the Congressional will as set forth in the statute. Congress provided an alternative to depositing the cash and in so providing made no mention of requiring interest to be paid. Plaintiff has made available from the start all that Congress has required of it for the settlement of the claims here involved. Secondly, even if Phoenix had deposited the cash with the Clerk of the Court at the start of the action, such cash would be held by the Clerk for distribution at the conclusion of the case and no interest would be earned by this fund during the course of the litigation. Thus none of the claimants, including the one who makes this motion, is in any way injured by the posting of the bond by Phoenix rather than the depositing of cash, nor does it lose any interest for the period when the bond was posted rather than cash.

Various cases cited by the moving party involve situations where the stakeholder failed to act diligently or properly and was thus required to pay interest. As indicated earlier, such is not the case here. For the reasons noted, this Court comes to the conclusion that justice would best be served by not requiring that Phoenix pay interest on the $340,000 bond from the time of the posting of that bond in November, 1959, until the date of the deposit of the actual cash in January, 1961.

An order may be entered accordingly.