211 N.J. Super. 376 (1986)
511 A.2d 1227
KEARNEY & TRECKER CORPORATION, PLAINTIFF-APPELLANT,
v.
MASTER ENGRAVING CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1986.
Decided June 27, 1986.
*378 Before Judges PRESSLER, DREIER and GRUCCIO.
Lowenstein, Sandler, Brochin, Kohl, Fisher & Boylan, attorneys for appellant (Stephen N. Dermer and Malcolm D. Young, pro hac vice, of the State of Nebraska, on the brief).
Cohn & Lifland, attorneys for respondent (James M. Docherty, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
This is an appeal by plaintiff, Kearney & Trecker Corporation (Kearney), the manufacturer and seller of the Milwaukee-Matic 180 tooling machine (MM180). Kearney sold the MM180 to defendant, Master Engraving Inc. Company (Master), for approximately $167,000. The seller contests a jury verdict on Master's counterclaim finding Kearney in breach of contract and awarding $57,000 damages to which the court added $14,873.78 in prejudgment interest. Kearney defended on the basis *379 of contractual provisions limiting the buyer's remedy to repair or replacement of the machine and excluding consequential damages. Since we find these limitations mutually dependent and the limited remedy of repair or replacement failed of its essential purpose, we do not disturb the award.[1]
At issue is the reconciliation of two "boilerplate" provisions limiting remedies and damages set forth both in a written proposal and in an acceptance form. The provisions appeared after the seller's express warranty that the machine will:
... be free from defects in material and workmanship for the shorter of (i) twelve (12) months from date of delivery ... or (ii) four thousand (4,000) operating hours,
and a disclaimer that the "WARRANTY EXPRESSED HEREIN IS IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED." The brochure describing the machine contained additional representations, discussed infra.
One of the provisions under review limits the buyer's remedy to "REPAIR OR REPLACEMENT OF THE DEFECTIVE PART OR PRODUCT, OR AT SELLER'S OPTION, RETURN OF THE PRODUCT." The other states "UNDER NO CIRCUMSTANCES WILL SELLER BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OR FOR ANY OTHER LOSS, DAMAGE OR EXPENSE OF ANY KIND, INCLUDING LOSS OF PROFITS."
After hearing testimony of Master's revenue loss occasioned by the repeated malfunctioning of the machine beginning on the date of its initial use and of Kearney's unsuccessful attempts to repair the machine, the jury returned a verdict sheet containing what at first appear to be inconsistent answers. It found that Kearney was in breach of contract but that Kearney did not sell a defectively designed or manufactured product. We read this *380 response, in light of the charge given,[2] to mean that the jury believed that the limited remedy failed of its essential purpose. N.J.S.A. 12A:2-719(2).
Under appropriate circumstances the designation of a sole remedy, N.J.S.A. 12A:2-791(1)(b), or the exclusion of consequential damages, N.J.S.A. 12A:2-791(3), will be enforced. Gladden v. Cadillac Motor Car Division, General Motors Corp., 83 N.J. 320, 330 (1980); Monsanto Company v. Alden Leeds, Inc., 130 N.J. Super. 245, 260 (Law Div. 1974). But "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided (under the U.C.C.)." N.J.S.A. 12A:2-719(2). Cf. Ventura v. Ford Motor Corp., 180 N.J. Super. 45, 65-66 (App.Div. 1981), providing for a "rescission-type remedy" where revocation of acceptance was justified.
Plaintiff relies upon Chatlos Systems v. National Cash Register Corp., 635 F.2d 1081, 1086 (3d Cir.1980) for the proposition that a judicial rejection of the limitations of remedy has no effect upon the clause limiting consequential damages. That *381 court, after determining that a limited remedy had failed, stated that "the better reasoned approach is to treat the consequential damage disclaimer as an independent provision, valid unless unconscionable."
A contract, however, must be read as a whole to give effect to the parties' mutual intention. Gladden v. Cadillac Motor Car Division, General Motors Corp., supra, 83 N.J. at 333; Monsanto Company v. Alden Leeds, Inc., supra, 130 N.J. Super. at 260. Here the failure adequately to repair the machine rendered ineffective the exclusion of consequential damages. The allocation of risk through exclusion of consequential damages was inextricably tied to the limitation of remedies. Master may have agreed to bear the consequential loss stemming from the short periods that it would have expected the MM180 to be inoperable while being repaired or replaced; but any loss occasioned by the complete failure of that remedy was not contemplated by the exclusion of damages provision. The type of loss suffered here was outside the scope of the parties' agreement.
Moreover, although the trial judge appropriately found that the parties had substantial experience with the sale and purchase of similar tooling machines, an interpretation of the remedy and damage limitations to include such a substantial failure of performance would not reflect negotiated aspects of the bargain. According to the testimony of Kenneth Raindorf, Master's president, he purchased the machine in reliance on representations by Bill Gillmore, Kearney's salesman, that the machine would require little maintenance. The brochure mailed by Gillmore to Raindorf stated that the machine:
[c]ombines simplicity with efficiency. It was designed using fewer parts. It is this simplicity of design that does much to explain the MM180's amazing low maintenance requirements.
Parol evidence of this bargaining process was properly before the judge and jury below, notwithstanding the form language in the two documents. See Computerized Radiological Services v. Syntex Corp., 595 F. Supp. 1495, 1507 (E.D.N.Y. 1984). *382 This is particularly so where the express representations were claimed to be inconsistent with the limited 12-month or 4,000 operating hours warranty. Gladden v. Cadillac Motor Car Division, General Motors Corp., supra, 83 N.J. at 332. Thus it was proper for the trial court to have admitted evidence of the express representations concerning the product. Here, as in Gladden, however, we need not reach the issue of unconscionability of the limitation, since as noted earlier we have determined the case on the failure of the stated remedy to effect its purpose. N.J.S.A. 12A:2-719(2).
Kearney also challenges the trial court's inclusion in the final judgment of $14,873.28 prejudgment interest. Pre-judgment interest, which generally will not be allowed on unliquidated claims, Jardin Estates, Inc. v. Donna Brook Corp., 42 N.J. Super. 332, 341 (App.Div. 1956), may be awarded upon the application of equitable principles. Cf. Manning Engineering, Inc. v. Hudson Cty. Park Comm'n., 71 N.J. 145, 159 (1976), vacated on other grounds, 74 N.J. 113 (1977); Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 (1976). As explained in Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 506 (1974), one purpose of prejudgment interest is to compensate a party for the benefit of a sum of money to which it has been entitled, but that has been retained by another.
Here when Master paid for the MM180 it was entitled to an operable machine. Yet for the time that Master had to do without the use of the machine, Kearney retained the benefit of the sales price. The trial judge recognized this inequity by awarding prejudgment interest. He stated that
... in applying equitable principles ... we should assume that the jury's calculations were based on the repair bills plus ... the amount of damages they thought were fair and reasonable that the defendant lost.
This reasoning and the ensuing award were far from a "manifest denial of justice;" thus this court "will defer to the trial court's exercise of discretion involving prejudgment interest." *383 A.J. Tenwood Associates v. Orange Senior Citizens Housing Co., 200 N.J. Super. 515, 525 (App.Div. 1985).
Affirmed.
NOTES
[1] The denial of Kearney's claim against Master for amounts allegedly due under their service agreement is not the subject of this appeal.
[2] The charge stated in part:

You may find that there was an agreement between the parties to limit the remedy in the event that the machine was not as described in the plaintiff's warranties. You may also find that the plaintiff's contract contained a provision which limited the plaintiff's responsibilities in the event the machine was not as warranted to the repair or replacement of defective parts and that that limitation was limiting his liability to the repair or replacement of defective parts. However, if you find that the plaintiff's actions in repairing and replacing the defective parts did not make the machine as warranted, that is, free from the defects in material and workmanship, then you may find that the defendant is entitled to all of its consequential economic losses and damages despite the language of the contract. A manufacturer and buyer may agree that only certain warranties shall apply and all others be excluded. Any implied warranty may be excluded if at the time of the sale the manufacturer-seller specifically makes known to the buyer that such warranties are excluded. Any warranties of the machine center involved in this case was [sic] based upon the assumption that it would be used in a reasonable manner appropriate to the purpose for which it was intended.