<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0034-21

LORETTA HENDRIX,

     Plaintiff-Respondent,

v.

MICHELLE DARE and
JOHN KETNER,

     Defendants-Appellants.

_____

Submitted May 17, 2022 – Decided July 6, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000048-18.

Ferrara Law Group, PC, attorneys for appellants (Noah A. Schwartz, of counsel and on the briefs).

Law Office of Timothy B. Middleton, attorneys for respondent (Jeff Thakker, of counsel; Timothy B. Middleton, on the brief).

PER CURIAM

The parties are neighbors on beachfront property. In 2018, plaintiff filed a complaint for declaratory and injunctive relief regarding the parties' easement pertaining to the use of a driveway and garage. The dispute was settled, and the complaint was dismissed after the parties entered into a comprehensive settlement agreement in February 2019.

More than two years later, defendants moved to reopen the case to permit discovery and enforce the settlement agreement. The Chancery Division judge denied the motion and granted plaintiff's cross-motion, finding plaintiff substantially complied with the settlement agreement and therefore defendants did not have any enforceable rights against her. We affirm.

Defendants have an easement to use half of the garage located on plaintiff's lot. Under the parties' settlement agreement, in addition to other work not applicable here, plaintiff was required to construct a door[1] on defendants' side of the garage to permit defendants access from their outside parking spaces. Construction was to be completed by April 20, 2019, and in compliance with building codes. The agreement contained a liquidated damages clause if plaintiff did not complete the construction in the established timeframe.

---

[1] The parties' briefs and the agreement refer to this as a "man-door" to differentiate it from the garage doors used for cars.

 A-0034-21

In John Ketner's certification supporting defendants' motion, he stated the man-door was installed before April 20, 2019. However, when he "check[ed] the construction in May 2019" he "observed that work in connection with the man-door was still incomplete." In March 2020, Ketner asked his attorney to advise plaintiff's counsel that the new door was missing a light. In a subsequent conversation, plaintiff's attorney requested Ketner to contact the plumber. Ketner agreed to do so. After some delay in communication between the plumber and an electrician, the light was installed.

Plaintiff presented a certification in support of her cross-motion. She stated all of the construction work delineated in the settlement agreement was completed before April 20, 2019. In addition, when she was in the garage on April 23, she noticed defendants were using the new door and the garage and had installed their own locks on the man-door. Plaintiff said she saw defendants using the garage and the new door many times over the next year.

Plaintiff certified that, in June or July 2020, Ketner told her he wanted a light outside of the man-door. Although the settlement agreement did not require a light, plaintiff ordered one and had it installed at her expense by September 2020. Plaintiff also explained she was unaware her contractor had not obtained a final certificate of occupancy. She contacted municipal officials

3

but, due to COVID-19 restrictions in the summer of 2020, the inspections did not occur until September.

On January 14, 2021, defendants' counsel emailed plaintiff's counsel asserting plaintiff had not complied with the construction deadline in the settlement agreement and, therefore, defendants sought to enforce the liquidated damages clause. Defendants demanded plaintiff pay them $128,000 because the work was not completed until September 14, 2020—514 days after the April 20, 2019 deadline. Plaintiff's attorney responded, advising the work in the garage was completed prior to April 20, 2019, and defendants moved their belongings into the garage, installed locks on the new door, and had full use of the garage since that time.

The court denied defendants' request for discovery in connection with the February 2019 settlement agreement. And the court granted plaintiff's cross-motion for a declaratory ruling.

The court found plaintiff spent between $30,000 and $40,000 on the construction work in the garage. The judge also found it was undisputed that defendants were fully using the space in April 2019. Therefore, the court found plaintiff had "substantially complied" with the settlement agreement by the April deadline.

A-0034-21

Although the judge found the parties negotiated and performed the agreement in good faith, he stated it would be "extraordinarily inequitable and unreasonable" to enforce the $250-per-day penalty provision. The court noted that defendants waited "until two years ha[d] passed before [they] attempt[ed] to enforce a monetary penalty . . . ." The court concluded defendants were "equitably estop[ped]" from enforcing the damages provision.

On appeal, defendants contend the court erred in: (1) concluding plaintiff substantially complied with the parties' settlement agreement; (2) finding the liquidated damages clause was unenforceable; and (3) finding defendants were equitably estopped from enforcing the settlement agreement.

We apply a deferential standard in reviewing factual findings by a judge. Balducci v. Cige, 240 N.J. 574, 594-95 (2020); Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974). A trial judge's findings will be binding on appeal so long as they are supported by "adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12. However, a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting

A-0034-21

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Defendants argue that because plaintiff failed to install a light over the man-door, as required under the municipal code,[2] the trial court erred in finding plaintiff "substantially complied" with the agreement's requirement that "all construction shall be fully compliant with all relevant municipal building codes."

"Substantial performance is compliance in good faith with all important particulars of the contract." Jardine Ests., Inc. v. Donna Brook Corp., 42 N.J. Super. 332, 337 (App. Div. 1956). Substantial performance is found "where all the essentials necessary to the full accomplishment of the purposes for which the thing contracted for . . . are performed with such an approximation to complete performance that the [complaining party] obtains substantially what is called for by the contract." Ibid. (citation omitted). And where the parties' testimony is conflicting, the trier of fact must determine whether there has been substantial performance of the contract. Id. at 338; See also Power-Matics, Inc. v. Ligotti, 79 N.J. Super. 294, 303-04 (App. Div. 1963).

---

[2] Defendants do not cite any municipal code provision requiring a light over a man-door.

A-0034-21

Plaintiff certified that she completed all the required work by April 20, 2019. The light was not part of the work detailed in the agreement. Therefore, it did not factor into the issue of whether the work was completed. The agreement did require the work be compliant with the municipal codes. A final certificate of occupancy was not issued until September 2020. But plaintiff explained she assumed her contractor had arranged for the paperwork. When she learned he had not, she contacted the municipality, and the inspection was completed. However, defendants have not alleged the garage and door were not functional and in fact they have used the garage and door continuously since April 2019, including the installation of locks on the door. We see no reason to disturb the court's finding of substantial compliance.

The court also did not err in determining the liquidated damages clause was unreasonable and, therefore, unenforceable. Our Court has stated that a totality of the circumstances analysis is the proper method for evaluating liquidated damages clauses. MetLife Cap. Fin. Corp. v. Washington Ave. Assocs. L.P., 159 N.J. 484, 495 (1999). In evaluating the totality of the circumstances surrounding a liquidated damages clause, reasonableness is the touchstone, and courts should evaluate: (1) the difficulty in assessing contract damages; (2) the parties' intention; (3) actual damages sustained; and (4) the

parties' bargaining power. Ibid. (citing Wasserman's Inc. v. Middletown, 137 N.J. 238, 250-54 (1994)). However, no one factor is dispositive, and it is within the sound discretion of the trial court to determine what is necessary in evaluating the reasonableness of a stipulated damages clause. Ibid. (citing Wasserman's Inc., 137 N.J. at 258).

Reasonableness should be determined either at the time of contract formation or at the time of the breach. Wasserman's Inc., 137 N.J. at 251. And the party challenging the clause has the burden of establishing whether its application amounts to an unenforceable penalty clause. Id. at 253.

The purpose of the liquidated damages clause was to ensure construction was completed by April 20, 2019, allowing defendants to use and enjoy the garage and man-door. The work required under the agreement was completed by the set date and defendants fully used the garage and door thereafter without issue. As stated, the agreement did not require a light. When defendants asked for the installation of a light, plaintiff complied with the request. Defendants have not established they suffered damages due to any delay in the installation of a light. And the imposition of a $128,000 penalty would be extremely unreasonable under the circumstances present here. The court did not err in declining to enforce the liquidated damages clause.

A-0034-21

Nor was it error to find defendants were equitably estopped from enforcing the liquidated damages clause. Estoppel is an equitable doctrine grounded in "the fundamental duty of fair dealing imposed by law." Knorr v. Smeal, 178 N.J. 169, 178 (2003) (quoting Casamasino v. City of Jersey City, 158 N.J. 333, 354 (1999)). It is "designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment." Ibid. (citing Mattia v. N. Ins. Co. of N.Y., 35 N.J. Super. 503, 510 (App. Div. 1955)). To establish estoppel, the complaining party must demonstrate that the opposing party "engaged in conduct, either intentionally or under circumstances that induced reliance" and that the complaining party "acted or changed their position to their detriment." Ibid. (citing Miller v. Miller, 97 N.J. 154, 163 (1984)).

The trial judge found defendants waited more than two years to express their dissatisfaction and assert the liquidated damages clause, during which time they made full use of the garage and door. Therefore, the court found defendants were equitably estopped from imposing the penalty provision.

Ketner did not request a light until March 2020 when he asked his attorney to inquire about it. He did not assert enforcement of the penalty clause. In subsequent dealings with counsel about the light, neither Ketner nor his lawyer

raised the liquidated damages clause. And when the light installation was completed and a certificate of occupancy was issued in September 2020, neither Ketner nor his attorney asked for enforcement of the penalty clause. Another four months passed before defendants' counsel emailed plaintiff's counsel about the monetary penalty.

Plaintiff performed the construction required in the parties' settlement agreement. The construction was completed by the due date. Thereafter, defendants installed locks on the door and used it and the garage without complaint or issue. Defendants' conduct for two years led plaintiff to assume she had complied with the parties' agreement. It would be inequitable, in the interest of justice, to enforce the liquidated damages clause.

In light of the above, the judge correctly found defendants failed to demonstrate any basis for reopening the settlement agreement to permit further discovery.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0034-21