The appellant, in May 1926, was by the probate court of Sierra County, appointed *Page 114 
guardian of appellee, who was at the time receiving compensation from the United States Veterans' Bureau, as "a War Veteran, Incompetent." This is an appeal from a decree entered upon a final accounting.
Appellant was relieved of such guardianship on the 12th day of February, 1929. A final report was filed by him in the probate court and approved, and from the order of approval an appeal was taken to the district court. Successor guardians were appointed, who managed appellee's affairs until the 17th day of March, 1936, at which time, upon a hearing in the district court, appellee was declared sane and his guardian discharged. The appellee after his competency had been established in the district court, contested the final report filed by appellant several years before resulting in a decree against the appellant for $467.74. Each of the parties requested findings of fact and conclusions of law, all of which were refused by the court; and thereupon the court made his own findings and conclusions, and entered his decree.
The condition of the record in this case is such that it is impossible for this court to pass, with any certainty, upon the questions presented. The final account filed is not itemized as to $323.33 alleged to be due appellant for money advanced to the ward before his appointment as guardian; $3,000 for maintenance of the ward and his family for thirty months, and $261.86 for maintenance for three months and nine days.
The trial court made numerous general findings, such as that the guardian had not discharged his duty, that he had acted in disregard of the orders of the probate court; that "in a great many instances the money expended by the guardian is unsupported by receipts," that he gave cash to his ward without obtaining receipts, and numerous other such findings, from which this court can determine nothing.
There were but three specific findings allowing claims, to-wit, $600 for an automobile; $115 attorney's fees, and $8.05 for publishing a notice of the final hearing in proving up on a homestead. Upon these findings and the following appearing in the decree:
"It appearing that the guardian received from the Veterans' Administration for the use of said ward during said guardianship the sum of Four Thousand Four Hundred Forty-nine and 65/100ths Dollars ($4,449.65), and that said guardian was authorized by Court order to expend the sum of Three Thousand Two Hundred Sixty-one and 86/100ths ($3,261.86), and authorized by the finding of this Court to take credit for Six Hundred Dollars ($600.00) expended for the purchase of an automobile, One Hundred and Fifteen Dollars ($115.00) to B. L. Medler, his attorney, and Eight Dollars and five cents ($8.05) for the published notice of final hearing, and
"It appearing that there remains after the deduction of said credits the sum of Four Hundred Sixty-four and 74/100ths Dollars ($464.74), which sum is due and *Page 115 
owing to the ward from the sum received by said guardian."; the trial court concluded that appellant owed his ward $464.74.
The decree seems to have been entered upon the theory that the plaintiff was only authorized to expend for maintenance of appellee and his family $100 a month for thirty months, and $80 a month for two months and nine days, totaling $3,261.86, as provided by an order of the probate court, hereinafter copied, entered after expenditures in excess of that amount had been made.
There is no finding that the amount of $3,261.86 was actually expended by appellant for the benefit of appellee; only that he was authorized to expend that sum. It seems to have been assumed (and may have been proved) that these sums of money were properly paid out by the guardian. It was the duty of the appellant to have filed an itemized statement of these expenditures, and of the court to pass upon each of the contested items in the accounting.
On the 9th day of November, 1928, the probate court entered an order, of which the following is a part:
"It is therefore ordered adjudged and decreed that John W. Hunter be allowed the sum of $100.00 per month, for maintenance, support and care out of the money belonging to him, but under the control of D.M. Miller, guardian, and the said D.M. Miller is hereby authorized and directed to disburse the sum of $100.00 per month, out of the estate of the said John W. Hunter, during the period from May 3, 1926 to Nov. 3, 1928.
"It is further ordered by the Court, that the said D.M. Miller be and he is hereby authorized and directed to disburse a sum, not to exceed $80.00 per month, for the maintenance, support and care of the said John W. Hunter, his wife and family, out of the estate of the said John W. Hunter."
This order was entered after the alleged expenditure of the so-called maintenance money, in the sum of $3,000 and $2,179.53 additional, all allegedly for the benefit of appellee and his family. In other words, the probate court, after these expenditures had been made, entered a nunc pro tunc order limiting such expenditures to $100 per month for "maintenance," which the trial court construed to limit the expenditures for all purposes, notwithstanding the expenditures had been made before its entry. He refused to allow certain accounts paid by appellant, such as bills for medical attention, drugs, labor at appellee's ranch, and other items that were legitimate expense and ordinarily should be approved and paid. These items were disapproved, presumably because of the order of the probate court, copied above. If the expenditures were properly made by the guardian, we know of no authority in the probate court to thereafter order that only an amount arbitrarily fixed by him should be paid. *Page 116 
In our judgment, there has been no accounting, as contemplated by the statute. The items making up the $3,000 and the $261.86 were never presented to the court or passed upon by him, but were approved, apparently because "said guardian was authorized by court order to expend the sums." The court, having reached this conclusion, found it necessary to disapprove the remainder of the claims, whether properly expended or not, although he did allow appellant's claims for the automobile, attorney's fees, and publication notice, which were not included in the items making up the $3,000.
As it will be necessary to remand this case for a proper accounting, we suggest that this may be done, either by the court or by a referee appointed, as authorized by Sec. 105-902, Sts. 1929. If the latter suggestion is followed, an attorney may be appointed with authority to hear the cause and to make findings of fact and conclusions of law, thereby relieving the court of such details. Much testimony regarding details may be eliminated by stipulation of facts, and by the introduction of all, or any portion, of the testimony in the present record.
We do not pass upon the questions of whether there was such waste of funds, extravagance, or negligence on the part of appellant in caring for appellee's estate, as that he should be liable therefor, notwithstanding such expenditures may have been made by or for appellee or his family. These questions should be decided upon the facts and circumstances, after the court has determined the actual expenditures made on behalf of appellee and his family. 25 A.J., Guardian Ward, § 177; 28 C.J., Guardian 
Ward, § 190; O'Mealey, Adm'r, etc., v. Grum, 186 Okla. 697,100 P.2d 265, 130 A.L.R. 110, and annotations at page 113 et seq.
The cause is reversed and remanded with instructions to set aside the decree and take an accounting consistent herewith.
It is so ordered.
ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.