439 P.2d 706

**TABET LUMBER COMPANY, Inc., a New Mexico Corporation, doing business as Bosque Farms Lumber Company, Plaintiff-Appellee,**

v.

**Richard C. BAUGHMAN and Janette Baughman, Defendants-Appellants.**

**No. 8471.**

Supreme Court of New Mexico.

April 8, 1968.

David A. Grammer, Jr., Albuquerque,. for appellants.

Sedillo & Howden, Belen, for appellee.

## OPINION

SPIESS, Chief Judge, Court of Appeals.

This action was instituted to foreclose a mechanic's lien claim. The appeal is from a judgment establishing and foreclosing the lien and awarding attorney's fees to the lien claimant, Tabet Lumber Company, a material supplier. The claimant will be referred to as Tabet. The appellants, Richard C. Baughman and Janette Baughman,. husband and wife, are the owners of the land and improvements which were subjected to the lien by the judgment.

The decisive question is whether Tabet's claim of lien was timely filed. The Baughmans contend that it was filed more than ninety days after substantial completion of the building and consequently was ineffectual and unenforceable. We think the trial court erred in concluding that the lien was timely filed.

The time within which a claim of lien of the kind involved in this proceedings. must be filed to be enforceable as a lien is governed by § 61–2–6, N.M.S.A.1953.

"* * * every person, save the original contractor, claiming the benefit of this article, must within ninety [90] days after completion of any building, improvement, or structure * * * file [his claim]."

The parties agree and we hold that "substantial completion" of a building, improvement or structure is adequate to start the running of the limitation period within which a claim of lien of a material supplier must be filed. Genest et al. v. Las Vegas Masonic Building Assoc., 11 N.M. 251, 67 P. 743 (1902); Allison v. Schuler, 38 N.M. 506, 36 P.2d 519 (1934).

The material facts upon which the trial court concluded that the claim of lien was timely filed are not in dispute. On June 7, 1965, the Baughmans entered into a contract with the defendant Clayton whereby he agreed to construct a house for the Baughmans in accordance with an approved plan at a cost to the Baughmans of approximately $23,000.00. On or about October 28, 1965, the Baughmans paid Clayton in full and at that time moved into and occupied the house as their home and were so occupying it at the time of the trial. Certain of the materials used in the construction of the house were furnished to Clayton by Tabet. These materials are the basis of Tabet's claim. The Tabet's lien claim was filed April 15, 1966.

On January 12, 1966, a plumber installed a bar sink into a previously completed cabinet. The value of work and material was from $75.00 to $100.00. On the same day the furnace was adjusted so that more heat would be conducted to the basement area. There was no estimate as to the cost of such adjustment or the time involved.

On January 15th or 16th a Mr. Don Watson hung two mirrors in the bathrooms, installed handrails upon the stairs leading to the basement, and weatherstripped two doors. The total estimated value of materials and labor was $128.00.

There is mention in the record that some wiring in the house had not been connected and that in the early summer of 1966 an air conditioner needed to be hooked up. There is no showing as to the cost, work involved, or whether this work was ever done.

The house plan called for the installation of a dumbwaiter between the kitchen and the basement recreation room. A shaft was provided for the purpose but by agreement between the Baughmans and Clayton the installation of the dumbwaiter was abandoned and the original plan modified to this extent.

Since the pertinent facts are not in conflict the trial court's conclusion as to timeliness of the filing of the claim presents an issue of law upon which this court may draw its own conclusion. Whitehurst v. Rainbo Baking Company, 70 N.M. 468, 374 P.2d 849 (1962).

The following comment by the Oregon Supreme Court in Christenson v. Behrens, 231 Or. 458, 372 P.2d 494 (1962), seems appropriate to this situation.

"Thus, this is a case in which owners who paid their contractor in full for all work done upon their property are faced with lien claims based upon * * * (mechanics' and materialmen's lien statutes) which seek to compel them to pay again for the work—this time to the subcontractors through the imposition of liens. We are aware of nothing in the form of equities which exerts a gravitational pull toward the position of any party and are satisfied that the issues must be resolved according to the bleak letter of the statute * * *."

When and if substantial completion of the building occurred determines the timeliness of the filing of the claim of lien. We, of course, recognize the difficulty of stating with exactness what the term "substantial completion" as to a building or structure means. It is generally stated that a building is substantially completed when all of the essentials necessary to the full accomplishment of the purpose for which the building has been constructed are performed. This appears to be the general rule as applied to substantial performance of a building contract. Elliott v. Caldwell, 43 Minn. 357, 45 N.W. 845 (1890); Jardine Estates, Inc. v. Donna Brook Corp., 42 N.J.Super. 332, 126 A.2d 372 (1956); Atkinson v. Jackson Bros. (Tex.Com.App.), 270 S.W. 848, 38 A.L.R. 1377 (1925); Foel-

ler v. Heintz, 137 Wis. 169, 118 N.W. 543 (1908).

■ It is well established that a building is "substantially completed" notwithstanding trivial imperfections or omissions. Allison v. Schuler, supra; Christenson v. Behrens, supra; Wilcox v. Cloward, 88 Utah 503, 56 P.2d 1 (1936); General Fire Extinguisher Co. v. Schwartz Bros. Com'n Co., 165 Mo. 171, 65 S.W. 318 (1901); Taylor Seidenbach, Inc. v. Healy, La.App., 90 So.2d 158 (1956); Louisiana Plumbing and Heating, Inc. v. Miranne and Harris, Inc., La.App., 181 So.2d 261 (1966); Fox & Co. v. Roman Catholic Bishop of the Diocese of Baker City, 107 Or. 557, 215 P. 178 (1923); W. E. Owens Lumber Co. v. Holmes, 277 Ala. 557, 173 So.2d 99 (1965); Sawyer v. Sawyer, 79 Wyo. 489, 335 P.2d 794 (1959).

■ The items which were completed after the Baughmans took possession October 28, 1965, are not, in our opinion, sufficient to show that the house was not substantially complete prior to January 15, 1966, the crucial date upon which the validity of the lien depends.

The installation of the bar sink and adjustment of the furnace on January 12, 1966, clearly cannot be considered because these items were completed before January 15, 1966. The two mirrors and handrails, weatherstripping of two doors and the omission to hook up the wiring and the air conditioner appear to us to be so trivial as to lead inescapably to the conclusion that the house was substantially complete without them. Tabet does not contend, nor can it, that because of these omissions the purpose for which the house was constructed was not accomplished.

■ With respect to the dumbwaiter the undisputed evidence as we have said is that this accessory was abandoned by agreement between the Baughmans and Clayton. The abandonment appears to have been agreed upon not later than December of 1965. Abandonment is equivalent in law to completion. See Allison v. Schuler, supra; Albuquerque Lumber Com-

pany v. Montevista Company, 39 N.M. 6, 38 P.2d 77 (1934); Eastern & Western Lumber Company v. Williams, 129 Or. 1, 276 P. 257 (1929); Stark-Davis Co. v. Fellows, 129 Or. 281, 277 P. 110 (1929).

In our opinion the judgment is not supportable. It will be reversed and the cause remanded to the District Court with instructions to vacate the judgment and render judgment denying the lien and dismissing the complaint.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.