470 P.2d 304

Thomas Harvey MARTIN and Elva K.
Martin, his wife, Plaintiffs-Appellees,

v.

Alfred D. FOSTER and Margaret A. Foster,
his wife, Defendants-Appellants.

No. 8945.

Supreme Court of New Mexico.

June 8, 1970.

Thomas L. Marek, Albuquerque, for appellants.

David G. Housman, Benjamin Leonard Levy, Albuquerque, for appellees.

## OPINION

TACKETT, Justice.

Plaintiffs-Martins are contractors engaged in the construction of residential dwellings. Defendants-Fosters, as the buyers, entered into a contract with Martins for the construction of a residential dwelling. A dispute arose between the parties concerning liability under the contract. The parties stipulated and agreed that the dispute would be submitted to three special masters to resolve the matter.

After their appointment by the court, the special masters conducted hearings, took evidence both documentary and otherwise, and filed their report containing findings of fact favorable to Martins. Judgment was entered against defendants-Fosters, who appeal.

Appellants rely on one point for reversal:

"FINDINGS OF FACT AND CONCLUSIONS OF LAW BY A SPECIAL MASTER ARE ALWAYS REVERSIBLE BY AN APPELLATE COURT IF SUCH FINDINGS ARE CLEARLY ERRONEOUS."

The contract, dated October 31, 1967, inter alia, provided that the dwelling would be completed "in a reasonable and workmanlike manner with *skill and care*" and in accordance with plans and specifications. (Emphasis added.) The plans and specifications were prepared by a licensed architect, even though not required by the contract, and they were examined and accepted by the Martins. Martins' superintendent, who was in charge of construction of the dwelling, was to "supervise all labor and materials to be sure that the workmanship and construction is of a *superior nature*." (Emphasis added.) The parties mutually agreed that Fosters' ob-

ligation to pay the Martins was conditioned upon a completed and finished dwelling to be acceptable by the Fosters.

The pertinent portions of the special masters' report relative to the construction, which were adopted by the trial court, are as follows:

"5(a). Inspection of this house reveals that the house is *habitable* and ready for occupancy and has been, insofar as can be determined, *built reasonably close to the plans and specifications provided by the Defendants* [Fosters]. * * * The craftsmanship and material employed in the residence are *typical of houses built in this area.*

"10. * * * The methods, materials, and craftsmanship used are *normal and standard* for this class of construction." (Emphasis added.)

The special masters were instructed by the court by agreement between the parties' attorneys, and (except for paragraph 10 of the instructions) it is questionable whether the special masters were actually required to view and determine the deficiencies in the house, in accordance with the terms of the contract.

▆ Although it might be said that the contractual requirements of paragraph V of the contract, which states that the superintendent "be sure that the workmanship and construction is of a superior nature," was not an agreement that it would be such; nevertheless, we feel this was the intent of the parties. It is clear from the record that the report of the special masters, which was adopted by the trial court in its judgment, was based upon a standard not contemplated by the parties to the contract. Where the contract called for a "completed" dwelling, the special masters found a "habitable" dwelling; where the contract called for materials and workmanship of a "superior nature," the special masters found materials and workmanship that were "normal and standard for

this class of construction." By paragraph 10, the special masters were instructed to determine whether the Fosters were entitled to damages "as alleged by them in Counts two, three and four of the Counterclaim. * * *" This definitely required the special masters to make their determination in accordance with the terms of the contract, and we believe it is conclusive in our determination, even though somewhat inconsistent with the other instructions.

Rule 53(e) (2), Rules of Civil Procedure (§ 21–1–1(53) (e) (2), N.M.S.A., 1953 Comp.), provides:

"In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within ten [10] days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

In Davis v. Merrick, 66 N.M. 226, 345 P.2d 1042 (1959), this court said:

"* * * [I]t is not the province of the court to amend or alter the contract by construction. The court must interpret and enforce the contract which the parties made for themselves. * * *"

In accord are, Brown v. American Bank of Commerce, 79 N.M. 222, 441 P.2d 751 (1968); and Hopper v. Reynolds, 81 N.M. 255, 466 P.2d 101 (1970).

It may be that the special masters could have concluded from the evidence that the workmanship and construction were of a superior nature, but for us to equate what was found, with what paragraph 5 required, is to force an unnatural and illogical equation and reconciliation. "Normal" and "standard" relate to an average. See Webster's Third New International Dic-

tionary, which indicates "normal" means "average." The intent of this agreement was for the workmanship and construction to be of a superior nature. But we do not here say that the Fosters are entitled to compensatory damages.

Our Rule 53(e) (2), supra, is identical to Federal Rules of Civil Procedure, Rule 53(e) (2), 28 U.S.C.A. In United States v. Waymire, 202 F.2d 550, 553 (10th Cir. 1953), followed in United States v. Twin City Power Co., 248 F.2d 108, 112 (4th Cir.1957), the court determined that findings are "clearly erroneous if the reviewing court on the entire evidence has the definite and firm conviction that a mistake has been committed."

 Because of our holding, that improper standards were applied by the special masters and the trial court, we hold that the findings based on those standards were "clearly erroneous."

The case is reversed and remanded to the trial court with direction to reinstate the case on the docket and to proceed under Rule 53(e) (2), supra, in conformity with this opinion.

It is so ordered.

WATSON and McKENNA, JJ., concur.