JAECO PUMP COMPANY, a corporation,
Plaintiff-Appellee,

v.

INJECT–O–METER MANUFACTURING
COMPANY, a corporation, Defendant-
Appellant.

No. 72–1266.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 1972.

Richard E. Ransom, P. A., Albuquerque, N. M. (William G. Gilstrap, Albuquerque, N. M., on the brief), for plaintiff-appellee.

Dan B. Buzzard, Clovis, N. M., for defendant-appellant.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This is an appeal from a jury verdict awarded Jaeco Pump Company (Jaeco) against Inject-O-Meter Manufacturing Company (I-O-M) for damages for breach of contract (Count II), and for damages for unfair competition in manufacturing pumps (Count III). Count I was settled. I-O-M counterclaimed for damages for defective pumps and late shipments. The jury found for Jaeco on Counts II and III and against I-O-M on its counterclaim. The jury awarded Jaeco $17,750 compensatory damages for breach of contract, $5,350 compensatory damages and $1,000 exemplary damages for unfair competition.

Jaeco first approached I-O-M in 1967 because, whereas it wanted to broaden its pump market and enter the agricultural field, it felt that a firm established in the agricultural field, such as I-O-M, would be more effective in marketing its pumps. Jaeco and I-O-M entered into an agreement whereby I-O-M would purchase its agricultural proportioning pumps from Jaeco, and Jaeco would not sell its proportioning pumps in the agricultural field. Pursuant to this agreement, Jaeco worked with I-O-M in advertising the pumps, afforded it pricing advantages, demonstrated to I-O-M its art of manufacture and repair, and recognized I-O-M as its authorized factory representative. Jaeco also painted the pumps sold to I-O-M in accordance with I-O-M's requests and affixed I-O-M's name to each pump.

Jaeco honored its agreement not to solicit its own sales in the agricultural field. I-O-M, however, did not honor its agreement to buy its agricultural pumps from Jaeco, and, after gearing up for its own production during the latter part of 1969, it began selling its own pumps in 1970. I-O-M did not notify Jaeco that it was manufacturing and selling its own pumps. Jaeco first became aware of this in late 1970.

On December 20, 1969, shortly before I-O-M began selling its own pumps, it sent Jaeco a purchase order for 700 pumps. Only 345 of the 700 pumps were shipped and delivered.

I-O-M contends that: (1) the facts surrounding damages for breach of contract were not sufficiently before the jury; (2) the trial court erred in its instruction to the jury on the computation of damages; (3) the trial court erred in submitting the existence of a contract to the jury; and (4) the facts surrounding damages for unfair competition were not sufficiently before the jury.

## I.

We shall first consider whether the facts surrounding damages were sufficiently before the jury and whether the trial court properly instructed the jury on the computation of damages.

I-O-M alleges that since there was no evidence of net profits before the jury, and that since the jury used Jaeco's gross profit ($50.00, i. e., sales price of $118.87 minus total costs of $69.00) to arrive at its damages of $17,750.00, ($50.00 times 355 unaccepted pumps to be manufactured by Jaeco in accordance with the purchase order) that: (1) the facts surrounding the issue of damages for breach of contract were not sufficiently before the jury; and (2) the trial court erroneously instructed the jury because Section 50A–2–708 was not applicable to the facts of this case. N.M.S.A. (1953 Comp.Repl.1962), § 50A–2–708, Uniform Commercial Code.

The trial court instructed the jury on damages as follows:

"The measure of damages for breach by the defendant as a buyer is the net profit, including a reasonable amount for overhead, which the plaintiff would have made had the defendant fully performed and due allowance for costs reasonably incurred and any other damages resulting from the breach." (T., Vol. V., p. 532).

During the course of the trial Jaeco introduced evidence that the sales price of the unaccepted pumps to be manufactured in accordance with the order was $118.87 each. Jaeco also showed that each pump cost $69.00. The parts for each pump cost $64.00. The labor required to assemble each pump cost $5.00. Jaeco further showed that its historical gross profit margin was approximately 41.5% of the selling price of each of its pumps.

Allan Levick, Jaeco's accountant, testified that Jaeco's gross profit was normally 41.5% of gross sales; that net profits are thereafter determined by deducting overhead, administrative and selling expenses from gross profits; that with respect to I-O-M's order for 700 pumps, after the order was in, there were no selling expenses; and that only the administrative expenses of Jaeco's business, unrelated to I-O-M's order, would have to be deducted from gross profits to obtain net profits.

■■ Jury determinations and awards are presumed correct and will not be preempted unless they are clearly against the weight of the evidence. Champion Home Builders v. Shumate, 388 F.2d 806 (10th Cir. 1967). The jury's determination of damages will not be overruled merely because it computed them from Jaeco's gross profit figure and the gross profit figure happens to coincide with the Court's damage instruction. There was substantial evidence for the jury to apply the proper measure of damages.

■ I-O-M argues that Section 50A–2–708 was not applicable to the facts of this case in relation to the instruction on damages. I-O-M cites 25 C.J.S. Damages § 26 a (1966), and DeVries v. Starr, 393 F.2d 9 (10th Cir. 1968). It also cites a number of cases for the proposition that damages are not to be awarded whenever the evidence surrounding them is uncertain, contingent or speculative. We agree. However, the damages were definite and discernable. I-O-M's argument is based entirely on its allegation that since damages were not sufficiently before the jury, an instruction incorporating the mandates of Section 50A–2–708 was improper. We disagree. Local laws must govern federal diversity suits. Pound v. Insurance Company of North America, 439 F.2d 1059 (10th Cir. 1971). We will not condemn a trial court's utilization of a local statute in instructing on damages without substantial authority to the contrary.

## II.

I-O-M contends that the trial court erred in submitting the existence of the

contract to the jury. I-O-M argues that the Court erred in overruling its motion to dismiss the second count, or for a directed verdict because the purchase order was not ambiguous and controlled as a written contract as a matter of law. We are directed to Gray v. Joseph J. Brunetti Construction Co., 266 F.2d 809 (3rd Cir. 1958), for the proposition that the construction of written evidence is exclusively within the province of the Court and that it is a question of law whether the terms of a contract fully express the terms of an agreement. I-O-M refers to American Institute of Marketing Systems, Inc. v. Keith, 82 N.M. 699, 487 P.2d 127 (1971), for the proposition that mildly puzzling contractual phrases are not to be considered exceptions to the parol evidence rule. The cases cited by I-O-M are not determinative of I-O-M's contention that the Court improperly submitted the existence of a contract to the jury.

The record negates I-O-M's contention that the purchase order was unambiguous. The instrument itself is captioned "PURCHASE ORDER" with I-O-M's letterhead at the top. It is addressed to Jaeco. Under the caption "STOCK NUMBER/DESCRIPTION" the following inscription appears:

"#7511 Simplex Pumps with steel cylinders
Release as follows:
    100 to arrive January 15, 1970
        75 turned for V-Belt
        25 turned for Electric – no motors
    Estimated release on balance:
    100 to arrive February 15, 1970
    300 to arrive March 15, 1970
    200 to arrive April 15, 1970
We will confirm releases for Feb, Mar and Apr shipments and will advise at that time the number of units to be turned for electric or V-belt drive on each release." (Plaintiff Exhibit 9, Vol. II, p. 49).

---

Jaeco considered the instrument to be an order for 700 pumps subject only to the confirmation of the release dates set forth therein. I-O-M, in contending that it was an unambiguous instrument, argued that it was simply an order for not more than 100 pumps and anticipated a further release for any additional pumps.

■ The authority relied upon by I-O-M holds that the construction of a written instrument and the degree to which it expresses the terms of a contract are questions of law. Seitz v. Brewers' Refrigerating Machine Company, 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837 (1891). We agree. However, once it has been determined that a contract is ambiguous and that its construction depends upon extrinsic facts and circumstances, then the terms of a contract become questions of fact and are thereafter for the triers of fact to decide. Metropolitan Paving Company v. City of Aurora, Colorado, 449 F.2d 177 (10th Cir. 1971).

■ In view of the extreme differences of opinion as to what the agreement actually purported to mean, we hold that the Court did not err in submitting the question of the existence of the contract to the jury. The Court did not err in overruling I-O-M's motion for an "instructed verdict" as the evidence established a justiciable controversy.

### III.

I-O-M contends that the facts surrounding the alleged unfair competition were insufficiently before the jury and that the trial court erred in overruling its motion for a directed verdict on Count III because: (a) the cause of action was not established by the evidence; (b) it was undisputed that there was no contract; (c) there was no fraud; and (d) I-O-M held patents.

The record indicates that Jaeco and I-O-M had only an "agreement" that Jaeco would not enter the agricultural field with its proportioning pumps and that I-O-M would buy its agricultural proportioning pumps from Jaeco. These are questions of fact which must be determined by the jury. We cannot supplant their findings on appeal unless they are clearly erroneous. A jury verdict based on conflicting evidence is not to be disturbed on appeal unless there is no substantial evidence to support it. Great-West Life Assurance Company v. Levy, 382 F.2d 357 (10th Cir. 1967).

I-O-M alleged that a cause of action was not shown and that fraud was not present. However, a bald allegation is inadequate to overturn the jury's finding. I-O-M has neither set forth any specific portions of the record in support of its allegations, nor has it attacked the admissibility of the evidence considered by the jury. I-O-M objected to the Court's measure of damages in its instruction on unfair competition. However, it did so in a summary fashion without detailing its objection and without adding any authority.

We hold that the trial court properly submitted the question of damages for unfair competition to the jury. There was adequate evidence in the record from which the jury concluded that a confidential relationship existed between Jaeco and I-O-M and that I-O-M used confidential information it had acquired from Jaeco to manufacture its own pumps in unfair competition with Jaeco.

Affirmed.