509 P.2d 259

**Melba Malone GONZALES, Plaintiff-Appellee,**

v.

**Conrad GONZALES, Defendant-Appellant.**

**No. 9349.**

Supreme Court of New Mexico.

April 20, 1973.

Joe A. Duran, Albuquerque, for appellant.

Gallagher & Walker, Albuquerque, for appellee.

OPINION

OMAN, Justice.

This was a suit for divorce and division of community property. The trial court

granted plaintiff a divorce and proceeded to declare the property rights of the parties. Defendant has appealed from the final order and judgment declaring the property rights and obligations of the parties. We affirm.

Defendant first claims reversible error on the part of the trial court in approving the special master's report. His argument is:

"* * * that the Special Master failed to adequately investigate all the circumstances surrounding the information he was ordered by the court to gather and did not request sufficient information from the appellant [defendant] or hold a hearing. * * *"

The instructions to the special master from the trial court were:

"Pursuant to stipulation between the parties hereto, you have been appointed as special master *to examine the books, records, and bank statements of the plaintiff and defendant for the period beginning June 21, 1968, and ending May 20, 1970,* to determine what amount over and above their community income each expended which would have come from property owned by each party prior to their marriage." [Emphasis added]

The record shows the special master interviewed each of the parties for approximately two and one-half hours concerning their separate property and the expenditures made by each during their marriage, and requested bank statements, cancelled checks, income tax returns and all records each had from which the requested determination could be made. A preliminary report was made by the special master based on the information he gained from the parties, and a copy of this preliminary report was shown and explained to defendant. He was requested to furnish the master any further information and make any suggestions he desired. He was not, however, given a copy of the preliminary report.

It is apparent that the special master did follow the directions of the court. He did not, as defendant contends he was required to do, set a time and place for a meeting of the parties; hold a joint meeting of the parties; take testimony under oath; file a transcript of proceedings; or give defendant or his attorney a draft copy of his report. Had there been any reason for the doing of any of these things the master could have proceeded to do so pursuant to the provisions of Rule 53, Rules of Civil Procedure [§ 21–1–1(53), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. However, the court imposed no such obligations upon him, and none of these acts were required in order to accomplish performance of the duties imposed on him by the court. He was not obliged to follow all procedures authorized by Rule 53, supra.

Rule 53(c), which deals with the powers of a special master, provides in part:

"The order of reference to the master may specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts * * *."

Rule 53(e), dealing with the special master's report, provides in part:

"(1) *Contents and Filing.* The master shall prepare a report upon the matters submitted to him by the order of reference * * *.

"(2) In Nonjury Actions. In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. * * *

"* * * *

"(5) Draft Report. Before filing his report a master *may submit* a draft thereof to counsel for all parties for the purpose of receiving their suggestions." [Emphasis added]

Defendant relies upon Martin v. Foster, 81 N.M. 583, 470 P.2d 304 (1970); Barelas Community Ditch Corp. v. City of Albuquerque, 63 N.M. 25, 312 P.2d 549 (1957);

Lopez v. Singh, 53 N.M. 245, 205 P.2d 492 (1949); In re Hunter's Guardianship, 45 N.M. 113, 111 P.2d 862 (1941); Biggs T. Co. v. Arlington L. Co., 25 N.M. 613, 186 P. 449 (1919). Nothing said in any of those cases supports defendant's position here.

In the Martin case the findings of the special master were held to be erroneous because they adopted standards not contemplated by the parties to the contract upon which the suit was brought, and the special master had been directed to make his factual determinations in accordance with the terms of the contract.

In the Barelas Community Ditch Corp. case, the special master and the trial court both violated the stipulation of the parties and the court's order pursuant thereto relative to the procedures to be followed before the submission and approval of the special master's report.

In the Lopez case, the matter was referred to the special master "* * * with directions to examine accounts and records, take testimony, state an account, and make findings and recommendations in a report to the court." The court, without indicating reasons therefor, approved the report in part, modified it in part, and rejected it in part. On appeal the trial court was reversed and directed to enter judgment in accordance with the findings of the master.

In the case of In re Hunter's Guardianship, a special master was not appointed. On reversal on appeal it was suggested by this court that a referee might be appointed for the purpose of relieving the trial court of many details.

In the Biggs T. Co. case, the order appointing the referee directed the taking of testimony and the making of a report consisting of findings of fact and conclusions of law. The case also involved other issues, including the interpretation of an old rule not here applicable.

In his second point, defendant claims error on the part of the trial court in refusing to grant him a continuance and in denying his motion for a new trial on the ground that he was unable to attend trial due to physical illness.

There were in fact three partial trials or hearings at each of which different issues were tried. At the first hearing the parties and their attorneys were present. Judgment was thereafter entered whereby it was ordered, adjudged and decreed that:

1. Plaintiff be granted an absolute divorce from defendant.

2. The court retain jurisdiction for settlement of property rights and attorney's fees.

3. The court appoint a "special master to examine the property problem, interview plaintiff and defendant, and make a report to the court."

4. Defendant assume payment of the special master's fee.

5. Plaintiff be restored to her former name.

No attack is made on this judgment or on the proceedings leading thereto.

At the second hearing the parties and their attorneys were present. The matters disposed of were those of the adequacy of the master's report and the defendant's objections thereto. No claim is made that a continuance of this hearing was sought by defendant or should have been granted.

The third hearing was conducted on June 15, 1971, and the issues then tried related to $4,000 received by plaintiff from her father, the division of the community personalty, the payment of community debts, and an award of attorney's fees.

Defendant had testified concerning these matters at the second hearing which was held on May 24, 1971, and the depositions

of plaintiff and her witness had been taken on June 9 and 14, respectively. At the commencement of the hearing on June 15, the court observed that defendant was not present. Defendant's attorney thereupon moved for a continuance and gave as the reasons:

"* * * First of all, his mother had a heart attack Friday. He has been emotionally upset, he was released from jail, he went—he was having pains in his chest, he went to see his doctor, Friedenberg. His doctor advised him not to do anything for more than two weeks, and I talked to his doctor and I said, 'We have to have that hearing tomorrow, I want him present.' And the doctor said, 'Maybe that would relieve—maybe this is the emotional pressure building up on him, it would probably be better if he would go to the hearing.' * * * * This morning I talked to my client, he is black and blue all over from taking the cortisone pills or whatever pills heart patients are taking. * * *"

The court denied the motion.

On June 29, 1971, there was presented to another district judge, over plaintiff's objections, defendant's motion for a new trial. By this motion defendant sought a new trial upon the ground that the judge who presided over the June 15 hearing had erred in denying his motion for a continuance.

At this hearing on the motion for a new trial, the defendant offered evidence in support of his position, including his own testimony as to his condition on June 15. Although there were discrepancies in the evidence, it was clear from the hospital records that defendant did not enter the hospital until June 16, and that he was admitted for excessive drinking during the prior two days. The trial judge concluded from the evidence that the defendant's absence from trial on June 15 was voluntary, that the prior judge had not abused his discretion in denying the motion for a continuance, and that the motion for a new trial

should be denied. An order was entered accordingly.

The question of granting a continuance was discussed in the recent case of Schmider v. Sapir, 82 N.M. 355, 482 P.2d 58 (1971). In that case we stated:

"The granting or denying of continuances is a matter within the sound discretion of the trial court, and such actions will be reviewed only where palpable abuse of discretion is demonstrated. This has been the rule from the earliest days in New Mexico. Territory v. Ortiz, 1 N.M. 5 (1852); Waldo, Hall & Co. v. Beckwith, 1 N.M. 182 (1857); Thomas v. McCormick, 1 N.M. 369 (1866); Beall v. Territory, 1 N.M. 507, rev'd on other grounds, 83 U.S. (16 Wall.) 535, 21 L.Ed. 292 (1871). The same rule has consistently been applied down to modern times. State v. Tapia, 81 N.M. 365, 467 P.2d 31 (1970); Tenorio v. Nolen, 80 N.M. 529, 458 P.2d 604 (1969); Garrison v. Navajo Freight Lines, 74 N.M. 238, 392 P.2d 580 (1964)."

It is apparent to us from what was presented by defendant's attorney at the time he made the oral motion for a continuance, as well as from what was presented in support of defendant's motion for a new trial, that the trial court did not abuse its discretion in denying the motion for continuance.

Defendant's final point, which he has argued under two subpoints, is as follows:

"THE COURT ERRED IN FINDING THAT THE $4,000.00 AMOUNT RECEIVED BY APPELLEE FROM THE SALE OF HER PARENTS' REAL PROPERTY WAS A GIFT OR SEPARATE PROPERTY BECAUSE SAID FINDING WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE."

The finding which he challenges is as follows:

"Concerning the $4,000 disputed item, following testimony presented at the

June 15th hearing by plaintiff and her father, Charles R. Dougherty, of Salinas, California, the Court finds that in about 1960, eight years before the marriage in question, plaintiff entered into an oral joint venture with her father and mother whereby plaintiff purchased realty in Clovis, New Mexico on behalf of her parents, with their money, taking title in their names, hoping to realize a profit therefrom which would be divided between plaintiff and her parents; that plaintiff managed said property, paid taxes thereon, finally found a purchaser, and sold the property for her parents in September of 1968, about four months after her marriage to defendant, and realizing therefrom a substantial profit for her parents and a profit of $4,000 to herself."

Another pertinent finding by the trial court which is included in the final order and is in no way attacked is:

"That plaintiff should be awarded the $4,000 she received during the marriage as her interest in certain real estate, which was acquired in 1962 by plaintiff's mother and father, and which was and is her sole and separate property, and was not a community asset, and defendant had no interest in same."

 Defendant argues at length that the $4,000 was community property, or at least was presumed to be so, and this presumption was not overcome by the evidence. He asserts that the evidence establishes that this $4,000 was community property; was earned as a result of the labor, skill and industry of the community; and "[o]n appeal the question of whether the presumption has been overcome depends on whether there is substantial evidence to support the findings of the trial court." At one point he purports to summarize the evidence. However, he has failed to state the substance of all evidence bearing upon the ownership of this $4,000, and he has totally failed to accompany any of his assertions of fact with transcript references as required by Supreme Court Rule 15(6) [§ 21–2–1(15)(6), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. Under these circumstances the findings of the trial court on this issue will not be disturbed. See Galvan v. Miller, 79 N.M. 540, 549, 445 P.2d 961 (1968); Mountain States T. & T. Co. v. Suburban Telephone Co., 72 N.M. 411, 384 P.2d 684 (1963), appeal dismissed and cert. denied, 376 U.S. 648, 84 S.Ct. 982, 11 L.Ed.2d 979 (1964).

The order from which this appeal was taken should be affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.