619 P.2d 1226

**E. Martin SHAEFFER, d/b/a Shaeffer Construction Company, Plaintiff-Appellant and Cross-Appellee,**

v.

**David A. KELTON, Defendant-Appellee and Cross-Appellant.**

No. 12294.

Supreme Court of New Mexico.
Nov. 12, 1980.

Rehearing Denied Dec. 11, 1980.

Martin, Martin Lutz & Cresswell, Stephen A. Hubert, Las Cruces, for plaintiff–appellant and cross–appellee.

Bivins, Weinbrenner & Regan, Neil E. Weinbrenner, Las Cruces, for defendant–appellee and cross–appellant.

## OPINION

GARCIA, District Judge.

This action was brought in the district court to recover on a contract for the development and conveyance of property. Judgment was entered for the plaintiff Shaeffer. Both parties appeal, asserting that the trial court's damage award does not follow any remedy formula recognized in New Mexico. The defendant Kelton further challenges the court's finding that defendant breached the contract. We affirm in part, reverse in part and remand for further hearings on the issue of damages.

The questions presented are: (1) whether the trial court erred in applying the substantial completion rule to a contract of this type; (2) whether it was the plaintiff who breached the contract by failing to construct the building in a workmanlike manner; (3) whether the parties waived, by implied mutual agreement, a condition precedent to the defendant's performance of the contract; and (4) whether the plaintiff was entitled to interest from the date of breach as the sole measure of damages.

The relevant facts are as follows. Plaintiff–Shaeffer is a general contractor who was developing his own subdivision property in Santa Teresa, New Mexico. The agreement with defendant–Kelton provided that plaintiff would build a quadruplex and sell both it and the land to the defendant. After the contract was signed, both parties agreed that the defendant would hire his own interior decorator, thereby reducing the plaintiff's cost and adjusting the contract price from $125,000 to $117,953.25. The terms of the written agreement were further varied. Whereas the contract provided that defendant would pay plaintiff by acquiring a thirty year loan with interest not to exceed nine percent, the actual loan secured by defendant was for a shorter term of twenty–five years and at a higher interest rate of nine and one–quarter percent. In spite of these variances, plaintiff proceeded with construction and defendant's agent continued to oversee the progress. As the project neared completion, defendant advertised the units for rent, posted rental signs on the property and even held an open house for prospective renters to view the premises. When the quadruplex was substantially completed and plaintiff twice attempted to close the sale, defendant refused to pay, stating that he was withdrawing from the deal.

In this action, plaintiff sought damages, not on the contract, but in the form of interest accruing daily on the amount owed to him. Defendant asserted that it was the plaintiff who had breached the contract by failing to complete the building as contemplated in the agreement. He affirmatively alleged that because the loan commitment varied from the terms of the contract, he was under no obligation to close the transaction.

The trial court made these relevant findings:

(1) that the building defects were not substantial, and, in view of the fact that the parties had agreed to a one–year builder's warranty to cover minor defects, the deficiencies did not constitute a failure of performance on Schaeffer's part.

(2) that Kelton and Schaeffer had waived by implied mutual agreement that requirement of a 30–year loan at nine percent interest.

(3) since Kelton had not notified Schaeffer that he could not perform under a higher interest loan, he was estopped from claiming breach of the contract provision.

The court concluded that defendant had breached the contract and it awarded plaintiff damages of $2,850.73.

I. *Applicability of Substantial Completion Rule.*

We first address an underlying issue: whether a court must first classify a partic-

ular agreement before determining its legal operation or effect. The defendant would have us construe the agreement in controversy as either a real estate contract or a construction contract, such distinction possibly resulting in the application of different legal theories and remedies. Specifically, the defendant contends that if the contract is construed as a real estate contract, the "substantial completion rule" does not apply; hence the trial court erred in concluding that the plaintiff had performed under the contract. Alternatively, if the contract is construed as a construction contract, the defendant claims that interest may not be awarded as damages.

■ We find the defendant's contentions to be without merit. His argument overlooks the obvious fact that some contracts cannot be fit neatly into precise categories. More importantly, a court cannot reconstruct a contract for the purpose of construing its terms in accordance with a post–contractual conception more suitable to the situation of the parties. *See Woods v. Collins*, 87 N.M. 370, 533 P.2d 759 (1975), *cert. denied*, 87 N.M. 369, 533 P.2d 758 (1975); *Hopper v. Reynolds*, 81 N.M. 255, 466 P.2d 101 (1970); *Fuller v. Crocker*, 44 N.M. 499, 105 P.2d 472 (1940).

■■ The primary objective in construing a contract is not to label it with specific definitions or to look at form above substance, but to ascertain and enforce the intent of the parties as shown by the contents of the instrument. *Shaeffer v. Hinkle*, 93 N.M. 129, 597 P.2d 314 (1979); *Jernigan v. New Amsterdam Casualty Company*, 69 N.M. 336, 367 P.2d 519 (1961); *Transamerica Leasing Corporation v. Bureau of Revenue*, 80 N.M. 48, 450 P.2d 934 (Ct.App. 1969). The instrument must be considered as a whole; every word, phrase or part of the contract should be given meaning and significance according to its importance in the contract. *Brown v. American Bank of Commerce*, 79 N.M. 222, 441 P.2d 751 (1968).

■ Unfortunately, the agreement at bar is not a model of clarity. The agreement to construct a quadruplex was typed into the blank spaces of a standard, printed form real estate contract. The typed provision was the only substantive modification made to the document. The contract was executed at the offices of the defendant's mother, a realtor, and it provided that she would receive a sales commission on the transaction. It is generally stated that any uncertainties must be construed most strongly against that party which drafted the contract. *Schultz and Lindsay Construction Co. v. State*, 83 N.M. 534, 494 P.2d 612 (1972).

■■ Where a written contract is ambiguous, uncertain or otherwise unclear, as in this case, the intent of the parties may be ascertained by their language and conduct, the objectives sought to be accomplished and all of the surrounding circumstances at the time the contract was executed. *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963); *Sierra Blanca Sales Company, Inc. v. Newco Industries, Inc.*, 84 N.M. 524, 505 P.2d 867 (1972). Thus, despite the defendant's assertion that the instrument was strictly a real estate contract, the court was permitted to consider evidence indicating that the parties themselves had viewed the agreement as embodying a construction contract. The agreement was entered at a time when Shaeffer was building five other quadruplexes and selling units in each complex separately. Kelton approached Shaeffer with the intent of purchasing an entire quadruplex for rental purposes. He contracted to have it built to his specifications so as to include fireplaces, a central antenna system and decoration not included in the other quadruplexes. We cite with approval the rule stated in *Jaeco Pump Co. v. Inject–O–Meter Manufacturing Co.*, 467 F.2d 317 (10th Cir. 1972):

> [C]onstruction of a written instrument and the degree to which it expresses the terms of a contract are questions of law; ... However, once it has been determined that a contract is ambiguous and its construction depends upon extrinsic facts and circumstances, then the terms of a contract become questions of fact

and thereafter for the triers of fact to decide.

*Id.* at 320.

■ We cannot say that the trial court erred in finding that the contract included both an agreement to construct a building and a promise to convey property.

## II. *Failure to Construct in a Workmanlike Manner.*

■ With respect to the construction component of the agreement, it is a general rule that substantial performance in good faith will permit a recovery on the contract. *Jardine Estates v. Donna Brook Corp.*, 42 N.J.Super. 332, 126 A.2d 372 (1956). A building is substantially completed when all of the essentials necessary to the full accomplishment of the purpose for which the building has been constructed are performed. *Tabet Lumber Company v. Baughman*, 79 N.M. 57, 439 P.2d 706 (1968).

■ The defendant contends that even if the substantial performance rule does apply, the facts of the case do not warrant a finding of substantial completion. While the evidence on this point was conflicting, only the trial court is permitted to weigh the testimony, determine credibility, and reconcile inconsistent or contradictory statements. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970).

■ Defendant's reliance on *Martin v. Foster*, 81 N.M. 583, 470 P.2d 304 (1970), is misplaced. In *Martin*, a contractor was denied recovery upon a showing of substantial performance; however, the contract there stated precise standards, calling for a "completed dwelling" and "construction of a superior nature." The parties to this agreement did not express such criteria, nor will the court imply a condition of superior workmanship. The court will not do for a party that which he failed to do for himself. *Kimberly, Inc. v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975). The trial court's finding is supported by substantial evidence and will not be disturbed.

## III. *Waiver.*

■ The defendant next challenges the court's finding that the parties waived by implied mutual agreement the condition of a thirty–year loan at nine percent interest. The defendant asserts that this finding is either not supported by substantial evidence, or it is legally insufficient to constitute a waiver. It is an established rule that the waiver of an express contractual condition may be implied in the conduct of the parties. *Cooper v. Albuquerque City Commission*, 85 N.M. 786, 518 P.2d 275 (1974). Where an expression of waiver is followed by a substantial and detrimental change in the position of the other party to the contract, a court is amply justified in applying the doctrine of estoppel. *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 494 P.2d 962 (1972). The trial court found that the parties entered into the contract on January 3, 1977. On March 10, 1977, the defendant secured a loan upon the best terms available, but at a higher interest rate and for a shorter period than that provided for by contract. In spite of this variance, both parties continued to recognize the contract as mutually valid and operative. The facts are undisputed that for the next three months, defendant's agent kept abreast of the construction progress and plaintiff was tacitly encouraged to fulfill the contract. Only when the plaintiff attempted to close the transaction did the defendant assert his right of nonperformance under the condition precedent. We agree with the trial court that the loan term was waived and that the defendant is estopped from invoking the condition to justify his breach.

## IV. *Damages.*

The trial court used a measure of damages not contended for by either party; consequently, both parties seek to set this portion of the judgment aside. The court awarded the plaintiff $2,850.73 on the following computation: the stated contract price of $125,000 was adjusted to $117,-939.66 when the parties agreed that defendant would hire his own decorator. From

this adjusted contract price, the court subtracted the net costs of construction, $110,939.66, which left a balance of $7,162.86. Then, because defendant was entitled to a credit of $4,162.86 for improvements paid by him, there remained a balance due to the plaintiff of $2,850.73.

Plaintiff contends that this expectancy award does not adequately compensate him. At trial, he sought damages equal to the amount of interest payments he has made on a ninety–five thousand dollar interim construction loan since the date of breach; interest at the rate of ten percent on $17,000 of his own funds invested in the project; and additional interest upon each of the above sums.

Defendant argues that plaintiff is not entitled to damages because the evidence shows there was no actual loss. Shortly before the breach, the quadruplex was appraised at $126,800. Since this exceeded the adjusted contract price of $117,973.66, the defendant believes that plaintiff cannot recover under the standard damages formula: contract price less the fair market value.

■■■■■ In New Mexico, damage awards should fully compensate the injured party, whether the action is one in contract or in tort. *Terrell v. Duke City Lumber Company*, 86 N.M. 405, 524 P.2d 1021 (Ct.App. 1974). One who fails to perform his contract is justly responsible for all of the damages flowing naturally from the breach. *See Brown v. Newton*, 59 N.M. 274, 282 P.2d 1113 (1955). It is not relevant, for purposes of the damages sought here, that the plaintiff may eventually sell and realize a profit on the quadruplex. Rather, the plaintiff seeks interest as damages for the breach of a contractual duty and the injury caused by deprivation of the promised performance. In this case, the plaintiff has not only been unable to discharge a sizeable construction loan, but he has also been forced to make costly interest payments while attempting to locate another willing buyer. In addition, he has lost the use and earning power of $17,000 of his own funds used to finance the project. Simple interest

is allowed as a means of estimating these probable gains and as compensation for their prevention.

In New Mexico, the allowance of interest is governed by Section 56–8–3, N.M.S.A. 1978, which provides in part that:

The rate of interest, in the absence of written contract fixing a different rate, shall be six percent per annum, in the following cases:

A. on money due by contract;

B. on judgments and decrees for the payment of money when no other rate is expressed.

This Court indicated in *O'Meara v. Commercial Insurance Company*, 71 N.M. 145, 376 P.2d 486 (1962), that the New Mexico statute should be construed according to Restatement, Contracts § 337 (1932), wherein the rule is stated as follows:

If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.

(b) Where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due.

In previous cases, where the amount of damages was not fixed or determinable, this Court applied the rule of subsection (b) and held that the allowance of interest was not mandatory but should be left to the discretion of the trial court. *Kennedy v.*

*Moutray*, 91 N.M. 205, 572 P.2d 933 (1977); *Kennedy v. Lynch*, 85 N.M. 479, 513 P.2d 1261 (1973); *O'Meara, supra*. However, in our judgment, the instant case falls under the provisions of subsection (a) and interest should be awarded as a matter of right.

Although we hold that interest should be awarded as a matter of right in cases such as this one, we do not intend for interest to be awarded arbitrarily without regard for the equities of each particular situation. The fact that defendant's breach may have prevented plaintiff from rendering full performance or otherwise saved expense to the plaintiff does not prevent the recovery of interest under subsection (a).

The trial court should permit offsets and reductions as necessary to do justice. In this case, the evidence indicates that one of the units in the quadruplex was sold for $28,647, one year after the breach. Thus, to the extent that the plaintiff's outstanding debt was reduced, interest assessments against defendant should likewise be reduced. Interest is awarded from the time the money was payable until the date of judgment or such other time as the debt is discharged. Inasmuch as the interest is awarded as damages at law, it cannot be granted in excess of the legal rate. *See Taylor v. Sarracino*, 44 N.M. 469, 104 P.2d 742 (1940); *Romero v. Desmarais*, 5 N.M. 142, 20 P. 787 (1889).

The cause is remanded to the trial court with instructions to set aside its damage judgment and to redetermine an award consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.