Norma Sonntag VAN MOORLEHEM,
Plaintiff-Appellee, Cross-Appellant,

v.

The BROWN REALTY COMPANY, a
New Mexico corporation,
Defendant-Appellant, Cross-Appellee.

Nos. 83–1056, 83–1123.

United States Court of Appeals,
Tenth Circuit.

Nov. 14, 1984.

Kim E. Kaufman, Keleher & McLeod, Albuquerque, N.M. (Clyde F. Worthen of Keleher & McLeod, Albuquerque, N.M., with her on brief), for plaintiff-appellee, cross-appellant.

Mark B. Thompson, III, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N.M., for defendant-appellant, cross-appellee.

Before SETH and McWILLIAMS, Circuit Judges, and CAMPOS, District Judge *.

CAMPOS, District Judge:

This appeal requires us to determine whether the trial court used the correct formula in an action at law to award damages to Plaintiff-Appellee (hereinafter referred to as "Plaintiff") for Defendant-Appellant's (hereinafter referred to as "Defendant") breach of a contract to purchase her home. The district court awarded

* Honorable Santiago E. Campos, District of New Mexico, sitting by designation.

Plaintiff "consequential damages"—mainly, the interest Plaintiff would have earned with the net proceeds from the guaranteed sale of the house to Defendant from the contracted date of sale until trial. Defendant contends that since Plaintiff always remained in possession of the real estate, the correct formula to calculate Plaintiff's damages was the difference between the fair market value of the house at the date of the breach and the contract price (if any), and any consequential damages incurred by Plaintiff in attempting to resell the house. For the reasons stated below, we agree with the Defendant, reverse the district court's decision as to the damages in this case, and remand for a new trial on that issue in conformance with the views expressed in this Opinion.

## I. Factual and Procedural Background

In this diversity action, Plaintiff sued Defendant realty company for breach of contract to purchase her home in New Mexico. The case was tried to the court without a jury. At the close of Plaintiff's evidence, the court denied her motion to add a specific performance claim to her suit. The trial judge ultimately ruled in Plaintiff's favor on the contract claim, awarding her $15,520.60 in damages. In its Memorandum Opinion, the Court found that Gary Ridge (the realtor who dealt with Plaintiff in this transaction) was an agent of Defendant, and that Ridge was clothed with the apparent authority to bind Defendant. The court found that a contract had been formed between Plaintiff and Defendant's agent that Defendant would purchase the real estate in question. The court calculated the "consequential damages" figure by subtracting $11,442.00, the amount Plaintiff was to pay the Defendant for realtor's commissions and expenses under the contract, from $130,000, the Plaintiff's witness's appraisal of the house's value at the time of the contracted sale. Then the court multiplied this remaining $118,558, pursuant to N.M.Stat.Ann. § 56–8–3(A) (Supp. 1980) (ten percent per annum rate of interest for money due on contract in absence of

written contract fixing a different rate), and arrived at the sum of $16,795.50 as the interest on the net proceeds over the months between the June 1981 breach and the November 1982 trial. After subtracting the difference between what Plaintiff had received for rental of the property after the breach and the sum Plaintiff expended for repairs due to the rental, the trial court arrived at the final figure of $15,520.60.

The court refused Plaintiff's request to award her damages for interest expenses on loans Plaintiff took out using her house as collateral. Likewise, it refused to award her the costs of legal expenses she paid in settlement with one such loan creditor who had tried to foreclose after Plaintiff's default of a note. The district court reasoned that since Defendant had no knowledge of any loans Plaintiff had taken with the house as collateral, these damages were not within the expectations of the parties to the contract.

### Issues on Appeal

Defendant originally raised two issues on appeal. At oral argument, however, Defendant's counsel admitted that there was no clear error in the trial judge's finding that a contract had been formed between Plaintiff and Defendant's agent and abandoned this issue. It was not discussed further at oral argument, and will not be discussed further in this opinion. Defendant's second issue on appeal was that the district court had not used the proper method to calculate the damage award.

In response, Plaintiff relied on *Shaeffer v. Kelton*, 95 N.M. 182, 619 P.2d 1226 (1980), to urge this court to affirm the award of interest on the net proceeds. On cross-appeal Plaintiff argued that the district court erred in refusing to award her damages for the interest payments, additional mortgages, and legal fees she paid involving the house as collateral, even though she admits that she told Defendant's agent that she had full equity in the house. Plaintiff also disputes the trial court's inadvertent omission to award Plaintiff costs for her attempted resale of

the property and for the property taxes she had to pay on the property after the breach.

### Opinion

■ When a purchaser defaults on a contract to purchase real estate, the vendor has three choices. She may rescind, or she can offer to perform her part of the contract and bring an action for the purchase money, or she can retain the land and bring an action for the excess in the contract price over the fair market value of the land at the time and place of the breach. 8A Thompson on Real Property § 4476 (J. Grimes ed. Supp.1981). Under New Mexico law, in an action for damages for the buyer's breach of contract to purchase realty, the seller is entitled to the difference between the contract price and the market price at the time and place of the breach. *Aboud v. Adams,* 84 N.M. 683, 689, 507 P.2d 430, 436 (1973). A vendor would also be entitled to consequential damages which could have reasonably been anticipated by the parties as likely to be caused by the purchaser's breach of the contract. *See E & B Specialties Co., Inc. v. Phillips,* 86 N.M. 331, 333, 523 P.2d 1357, 1359 (1974) (adopting the *Hadley v. Baxendale* rule for consequential damages). To allow the vendor to receive the interest on the unpaid purchase price as well as to retain possession of the property and all the fruits of such possession is to allow a double recovery. In such a situation, there is little incentive on the seller's part to mitigate any damages which resulted from the breach. *Cote v. Chesley,* 577 F.2d 71, 74 (8th Cir.1978) (applying Minnesota law).

*Shaeffer v. Kelton,* 95 N.M. 182, 619 P.2d 1226 (1980) does not support Plaintiff's argument that the trial court properly awarded interest on the net proceeds in this case. In *Shaeffer,* the plaintiff general contractor had agreed to build a quadruplex and sell the land and building to the defendant. After the contractor performed, the defendant refused to close the sale and perform his part of the bargain. The contractor sued for damages. At trial it was established that there were no loss of bargain damages. On appeal, the state supreme court held in part that because the breach had prevented the contractor's ability to discharge a construction loan and also prevented his use of the funds he invested in the project, the contractor was entitled to recover interest on these amounts as a matter of right. In the event that the contractor's outstanding debt was reduced by the sale of a quadruplex unit, the appellate court also ruled that interest assessments against the Defendant should be reduced. These consequential damages for the interim construction loan and the contractor's out-of-pocket payments for construction were proper consequential damages; the plaintiff in *Shaeffer* did not receive interest on the net proceeds, and the *Shaeffer* decision does not support such an award.

■ In short, we hold that where a vendor of land seeks damages, as opposed to specific performance, she is not entitled to the interest on the unpaid purchase price. The loss of the bargain damages are a separate remedy, distinct from requiring the purchaser to perform. If the vendor does not ask to receive the proceeds in exchange for the land, she cannot be said to be deprived of the use of these proceeds. *See, e.g., Abrams v. Motter,* 3 Cal.App.3d 828, 83 Cal.Rptr. 855 (1970); *Senior Estates, Inc. v. Bauman Homes, Inc.,* 272 Or. 577, 539 P.2d 142, 149 (1975) (state appellate courts reverse trial courts' decision to give vendors of realty seeking damages for breach of contract interest on the purchase price as a consequential damage flowing from the breach).

On remand, the district court should award Plaintiff loss of bargain damages— the difference between the contract price and the fair market value of the property at the time and place of breach, if any. It should also award Plaintiff any consequential damages she incurred in attempting to resell her house. Plaintiff should present evidence of expenses incurred in furtherance of a resale of the property. Property

taxes Plaintiff incurred after the July 1981 breach and until her February 1982 resumption of residency (*not* the November 1982 trial) are also proper consequential damages. The district court should not compensate Plaintiff for interest payments on loans, the additional mortgage she took out to pay off the loans, and legal fees she paid to avoid a foreclosure suit. It is undisputed that Plaintiff told Defendant's agent that she had "full equity" in her home (Rec.Vol. II, pp. 16; 47); Defendant had no reason to foresee that these damages would flow from its breach.

The judgment of the trial court as to damages is, therefore, reversed, and the district court should conduct another trial on this issue in conformity with the principles expressed in this opinion.

Opinion on rehearing, 5th Cir., 753 F.2d 378.