This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CLYDE E. MASCARENAS,**

     Plaintiff-Appellee,

v.                                                                                  No. 30,408

**JOE T. MASCARENAS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**Matthew J. Sandoval, District Judge**

Clyde E. Mascarenas
Peoria, AZ

Pro Se Appellee

Joe T. Mascarenas
Mora, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals, pro se, from a district court writ of possession in favor of Plaintiff and ejecting Defendant from the property. We issued a calendar notice proposing to affirm. Defendant has timely responded with a pro se memorandum in opposition. After due consideration, we affirm.

The district court determined that the property that is the subject of this action was conveyed to Plaintiff by two warranty deeds in 1983 and in 1995. [RP 140] The district court specifically noted that Defendant did not come forward with any evidence that the deeds were executed or obtained as a result of fraud, incapacity, or undue influence. [RP 141] The district court further determined that Defendant did not come forth with any evidence to support any right to the subject property. [RP 140-41]

In his memorandum in opposition, Defendant does not refer us to any evidence that supports his claim that the deeds were invalid. To the extent Defendant is challenging the court's rejection of his claim that the documents were forged, in the absence of documentary evidence, we construe this as a matter of credibility; as such, we defer to the district court sitting in its capacity as a factfinder. *See Shaeffer v. Kelton*, 95 N.M. 182, 186, 619 P.2d 1226, 1230 (1980).

Even if the deeds could be subject to a quiet title challenge, Defendant has not shown that he himself has any interest to the property that would be greater than

2

Plaintiff's. In the absence of evidentiary support to his claims, we do not believe that he has satisfied his burden on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (observing rule that the burden is on the appellant to clearly demonstrate that the district court erred).

Defendant's docketing statement also raised a venue challenge, asking whether this action involves an "interest in land" as stated in the general venue statute, NMSA 1978, Section 38-3-1(D) (1988). [DS 4] The underlying complaint was for quiet title, ejectment, trespass, and injunctive relief involving land in Mora County, New Mexico. [RP 1] Accordingly, we conclude that it is self-evident that venue in Mora County was proper pursuant to Section 38-3-1(D). Defendant has not come forward with any legal authority to the contrary. Where a party cites no authority to support an argument, we may assume no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

Finally, to the extent that Defendant is attempting to raise new issues in his memorandum in opposition, we do not believe that he has shown good cause to amend the docketing statement. *See* Rule 12-208(F) NMRA (requiring good cause to amend docketing statement); *see generally State v. Moore,* 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

For the reasons set forth in this opinion, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**